### RIESINGER v WILLIAMS et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1180. Decided June 2, 1933

Irvin C. Delscamp, Dayton, for plaintiff in error.

Kelly & Knee, Dayton, for defendants in error.

KUNKLE, J.

Plaintiff in error prosecutes error to this court from the following order entered by the Court of Common Pleas November 4, 1932 in the above entitled case, namely,

"It appearing to the court that the above cause of action was dismissed for lack of prosecution on January 9, 1931; that at the time of such dismissal it was pending before the court on demurrer filed by the defendant to the plaintiff's second amended petition and it still further appearing to the court that subsequently an entry was filed overruling defendants demurrer and on December 8, 1931 the defendant filed an answer to said second amended petition, the court does hereby vacate said dismissal entry of January 9, 1931 and does hereby reinstate said cause for the reason that it was dismissed inadvertently."

The transcript of docket and journal entries of date December 14, 1932 contains the following entry:

"This cause coming before the court upon the motion of defendant to strike from the record, entry filed by Judge Patterson dated November 4, 1932, reinstating this case on the trial docket; court, upon consideration of the motion, overrules the same in its entirety.

Exceptions of counsel for defendant noted."

The transcript of the docket and journal entries further shows that on December 15, 1932 an answer was filed by defendant below to the second amended petition and that on December 16, 1932 such answer was withdrawn by leave of court.

Do either or both of the entries above quoted constitute a final order?

Counsel for defendants in error claim that the court has no jurisdiction to hear and determine this case because neither of the entries above quoted constitute either a judgment or a final order.

**Sec 6 of Article 4 of the Constitution** defines the jurisdiction of the Court of Appeals in error proceedings as follows:

"To review, affirm, modify or reverse the judgments of Courts of Common Pleas, superior courts and other courts of record within the district as may be provided by law."

It is evident that neither of the entries in question constitute a judgment. Do either or both of the same constitute a final order?

Our Supreme Court in the **104 Oh St reported at page 188** in case of **Schandler Company v The Southern Pacific Company** hold that the term "judgments" appearing in §6, **Article 4 of the Constitution** as amended in 1912 is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the legislature in §11582 GC. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction **and which determine the rights of parties affected thereby.**

An order vacating a default judgment upon motion of the defendant filed at the same term but more than three days after its rendition is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it.

**Sec 12258 GC** defines a final order as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

Neither of the entries above quoted assume to determine the rights of the parties to the litigation. The respective rights of the parties are left open for further proceedings and litigation. At the termination of a trial in this case the plaintiffs in error may have secured all that they claim.

A judgment is defined by §11582 GC as follows:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or en-

tered in writing and not included in the judgment is an order."

A final order or judgment under our Code is one which disposes of the case or some separate or distinct branch thereof. One of the tests is that there must be finality to the order.

A very comprehensive review of the Ohio authorities upon this subject is found in **Volume 2 Ohio Jurisprudence, §§112 to 129, etc.**

From our consideration of such authorities, we are of opinion that the entries complained of constitute neither a judgment nor a final order. This court would, therefore, be without jurisdiction to review the same.

The petition in error will be dismissed because of want of jurisdiction of this court to hear and determine the same.

HORNBECK, PJ, and BARNES, J, concur.