## OLSON et v WATSON et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1336. Decided June 16, 1936

J. W. Sharts, Dayton, D. H. Wysong, Dayton, for plaintiffs in error.

E. H. & W. B. Turner, Dayton, and R. N. & N. K. Brumbaugh, Dayton, for defendants in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The parties appeared in the trial court in the same order as here.

The petition in error was filed June 6, 1935 and presents ten separate specifications of error.

The transcript of docket and journal entries starts with the following date and notation:

"August 21, 1926 Fifth Amended Petition filed."

This at once suggests that there must have been at least an original petition and four amendments filed previously. As to what motions, demurrers or other pleadings, if any, were filed by the defendant, does not appear nor is this question important under the grounds of error complained of. The briefs of counsel both for plaintiff in error and defendant in error make the statement that the original petition was filed June 19, 1925.

Defendants' answer to the Fifth Amended Petition was filed February 26, 1927 and

an amended answer on October 14, 1927. The cause was submitted to a jury and verdict returned on November 3, 1927. The finding was for the plaintiff in the sum of $4010.00. On November 5, 1927, defendant filed two motions (1) Motion for judgment non obstante veredicto; (2) Motion for new trial.

March 2, 1928 the trial court sustained the motion for new trial on the stated ground that the verdict was not sustained by that degree of proof which is required in this state in case of fraud.

The motion for judgment non obstante veredicto was overruled.

Exceptions were saved to both parties.

Plaintiff's fifth amended petition set out three separate causes of action numbered first cause of action, second cause of action and supplemental cause of action.

The claim is made that after the jury was impaneled, counsel for defendant interposed a motion asking that the plaintiff be required to elect upon which cause of action he was proceeding and this motion being sustained plaintiff elected to proceed on the second cause of action.

The verdict returned was for the full amount claimed under this second cause of action. This order of the court was not journalized but later, to-wit, on March 30, 1935, a non pro tunc order was entered as of November 1, 1927 reciting the motion, sustaining of same by the court and plaintiff's election to proceed. Apparently the basis for the motion was on the claim that plaintiff had improperly joined separate causes of action. On July 8, 1933 the following entry appears:

"On application of the plaintiff and for good cause shown plaintiffs are given leave to amend their fifth amended petition."

On November 10, 1934 and again on December 8, 1934, defendants were ordered to answer on or before November 17, 1934 on the first order and December 15, 1934 on the second order.

In the transcript of docket and journal entries under date of February 28, 1935, there appear two entries, the first overruling motion to strike the sixth amended petition from the files and the second, overruling defendant's motion for judgment on the ground that the matter tendered by the petition was res judicata. The above orders were vacated on May 22nd and the entire cause referred for determination upon all matters to the Honorable Robert C. Patterson, trial judge, who presided at the first trial. Thereafter, under date of May 23 and May 27, 1935 appears the following, claimed to be the final orders from which proceedings in error are prosecuted and both entries are set forth in full:

"May 23, 1935.

"This cause coming on to be heard upon the motion of the plaintiffs for a judgment on the pleadings, or in the alternative that the defendants be required to answer; and upon the motion of the defendants to strike the sixth amended petition from the files, and the court being fully advised in the premises, and for good cause shown, the motion for a judgment on the pleadings is overruled; and the motion to strike the sixth amended petition from the files is sustained. And this cause coming on further to be heard upon the motion of the defendants for a judgment in this case for the reason that the issues herein are res judicata, the court feels that this matter should be set down for trial and accordingly assigns the same for trial June 10, 1935.

Exceptions noted.

(Signed) Approved:
Patterson, Judge."

"May 27, 1935.

"This day this matter coming on to be heard upon the motion of the plaintiff for judgment upon the pleadings, or in the alternative that the defendants be required to answer and the court being duly advised in the premises does overrule said motion and its alternative.

This matter coming on further to be heard upon the motion of the defendants to strike the sixth amended petition from the files and the court being duly advised in the premises, does sustain said motion and herewith orders said sixth amended petition to be stricken from the files and the cause to proceed to trial upon the second cause of action set forth in the fifth amended petition and the pleadings pertinent thereto. The judge specially assigns this case for trial June 10, 1935, to all of which action of the court the plaintiffs by their counsel except.

(Signed) Approved Patterson,
Judge"

"D. H. Wysong,
Joseph W. Sharts
Attorneys for the Plaintiff.
E. H. & W. B. Turner
R. N. & N. K. Brumbaugh
Attorneys for the Defendant."

We will now take up the various grounds of error specified in the petition in error.

"1. Said court erred, during the trial of said cause on or about November 1, 1927,

in sustaining a motion of defendants to require plaintiffs to elect upon which one of their three causes of action set up in their fifth amended petition they would proceed to trial. (See entry filed March 30, 1935, as of date November 1, 1927)."

In view of what subsequently transpired no error can be predicated upon this order of the court. We have no bill of exceptions. Had plaintiff desired to stand strictly upon his claimed right to proceed upon all three causes of action, he could have declined to make an election, whereupon the trial court could have made the alternative order dismissing the petition. This would have been a final order from which plaintiff could then have prosecuted error to this court In the event the reviewing court had determined the trial court was in error, the cause would have been remanded with instructions to try the case on the two or three causes of action. The trial court's order requiring an election and plaintiff's election to proceed on the second cause of action was not in effect a determination of the first and third causes of action adversely to plaintiff. If the first and third causes of action in fact stated a good case against the defendant separate and distinct from the second cause of action, the plaintiff might on motion have had such causes of action separately docketed and thereafter separately tried. Plaintiff waived the claimed error through his election and thereafter proceeding to trial on the second cause of action.

"2. Said court erred during said trial in barring plaintiffs from proceeding to trial also upon their said first and third causes of action of said fifth amended petition."

The observations made, relative to the first specification of error will apply to the record.

"3. Said court erred in granting on or about March 2, 1928 the motion of defendants for a new trial and in vacating the verdict of the jury."·

Error proceedings may not be prosecuted from the judgment of a trial court vacating the verdict of the jury and ordering a new trial.

"4. Said court erred in granting to defendants on April 19, 1929, leave to file a motion for judgment on ground of res judicata."

It appears from the transcript of the docket and journal entries that the trial court decided this motion in favor of plaintiff. Hence, if any error existed in permitting the motion to be filed same is harmless and not prejudicial.

"5. Said court erred on May 22, 1935, in vacating its entry filed February 28, 1935, which had overruled defendants' motion to strike plaintiff's sixth amended petition from the files."

The journal entry discloses that this order was made upon defendants' application for rehearing and the statement is made in brief of counsel for defendant that such motion for rehearing was filed during the same term that the original order was made. There does not appear in the transcript of docket and journal entries any notation of the filing of such motion and likewise there does not appear any notation that a sixth amended petition was filed. Nor do we find among the original papers either the motion for rehearing or the sixth amended petition. In the absence of any showing to the contrary, we will have to assume that the question was properly before the court.

The fact that the entry appears as having been made at a subsequent term does not present the inference that the motion for rehearing was made at a subsequent term.

Furthermore, the court had the inherent right at all times to modify its orders of above character.

It not infrequently occurs that a trial court overrules a demurrer to a petition and then during the trial concludes that a cause of action is not stated and dismisess the petition for that reason. A reviewing court does not merely look to the procedural steps but will look to the substance as to whether or not such petition does state a cause of action.

In fact the sufficiency of a petition may be questioned for the first time in the Supreme Court when the case is properly there on review.

"6. Said court erred on May 22, 1935, in vacating its entry filed February 28, 1935, which had overruled the defendants' motion for judgment on ground of res judicata."

On a subsequent hearing the trial court overruled this motion and hence there could be no prejudicial error.

"7. Said court erred on or about May 23, 1935, in overruling plaintiff's motion for judgment on the pleadings or in the alternative to require defendants to plead to the sixth amended petition, and sustaining defendants' motion to strike."

This ground will be discussed in connection with ground No. 8.

"8. Said court erred on or about May 27, 1935, in overruling plaintiffs' motion in sustaining defendants' motion and in striking the sixth amended petition from the files and in assigning said cause of action for trial upon the issue alone raised by the second cause of action of the fifth amended petition."

As heretofore stated, the transcript of docket and journal entries does not disclose that a sixth amended petition was filed nor do we have before us the claimed sixth amended petition. It therefore follows that we do not have the data from which can be determined the claimed erroneous action of the court. Every order and judgment of the court is presumed to be correct unless it affirmatively appears that it is not correct. From the transcript of journal entries we find that plaintiff took leave to amend his fifth amended petition but no such amendment appears either by interlineation or a new pleading.

While the question is not raised in the briefs, we have very serious doubt as to whether or not the journal entries dated May 23rd and May 27th are final orders.

The rule is so well established as to require no citation of authorities that error may not be prosecuted from an order or judgment of the trial court unless it may be properly characterized as a final order. This is the provision of the General Code.

The many procedural steps taken in the trial of every case are not final orders.

Exceptions may be saved as to the claimed erroneous rulings of the trial court, but they may only be considered when the action is terminated.

However erroneous the court's action may have been in striking the sixth amended petition from the files, this was not a final order. The entry discloses that the court assigned the case for trial. The final order would follow the consummation of the trial and the final judgment on the verdict.

If there were any admissions from the allegations of the petition, the plaintiff could continue to save his record by re-questing during the trial, amendments to conform to the facts. In the event of an adverse ruling and an adverse decision a reviewing court could then determine whether or not there was an abuse of discretion.

It is fairly inferable that counsel for plaintiff are basing their major contention on the court's order that the cause be set down for trial on the second cause of action. This is really the question set out in Specifications 9 and 10 which read as follows:

"9. Said court erred in so ruling on or about May 23, 1935, and May 27, 1935 as to dismiss plaintiff's first and third causes of action as set forth in their fifth amended petition."

"10. Said court erred in so ruling on or about May 23 and May 27, 1935, as to dismiss plaintiffs' first and third causes of action as set forth in their sixth amended petition, and to require them to proceed to trial (if at all) upon only the second cause of action of their fifth amended petition."

The complete answer to Nos. 9 and 10 is that the effect of the court's order under date of May 23 and May 27, 1935 was not to dismiss the first and third cause of action. What was previously said under the discussion of Specification No. 1 is applicable here.

It is our conclusion that under the state of the record no prejudicial error is presented.

The petition in error will be dismissed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.