## CAMERON v GORDON

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3201.  Decided April 26, 1940.

Pretzman & Dillon, Columbus; E. L. Mitchell, for defendant-appellee, for the motion.

D. T. Keating, Columbus, for plaintiff-appellant, contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that it was not directed to a final order or judgment.

Plaintiff instituted his action for accounting and receivership for breach of contract against defendant and another in the Common Pleas Court of Franklin County by the filing of his petition and thereafter filed an amended petition to which defendant, Gordon, filed an answer and cross-petition, and appellant replied.

Upon issues drawn the case came on for trial and was continued for completion. Thereafter, and before the case came on again for hearing, the plaintiff entered a dismissal in an entry as follows:

"On application of plaintiff, it is ordered that this cause be and the same is hereby dismissed at costs of plaintiff."

It is asserted that this action by plaintiff was unknown to defendants, or either of their counsel.

Thereafter at the same term of court, defendant, Gordon, by counsel tendered and had approved the following entry:

"On application of plaintiff, it is ordered that plaintiff's petition be and the same is hereby dismissed at plaintiff's costs. It is further ordered that said cause be retained upon the docket of said court for trial upon the cross-petition of defendant, J. P. Gordon."

Of this action counsel for appellant claims that he had no notice.

When the cause finally came on for hearing, upon the adjournment thereof counsel for plaintiff-appellant moved to vacate the order wherein it was provided that the cause be retained upon the docket for trial upon the cross-petition of defendant, which motion was overruled and it is from this order that the appeal was taken. The trial of the cause was then completed and has not yet been decided.

The question is, is this an appealable order?  Without comment, it is our opinion that it is not.

Reisinger v Williams, 14 Abs 611.
Olson v Watson, 22 Abs 118.
Berry v Endowment Co., 14 Abs 414.

There are many other pertinent cases cited by counsel for the appellee, but those which we have mentioned are sufficient and determinative of our question.

Motion will be sustained.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.