## WAYNE CO NAT BK v PREDMORE-HENRY MOTOR CO

Ohio Appeals, 9th Dist, Wayne Co

No 843. Decided July 14, 1928

Weygandt and Ross, Wooster, for Bank.
Critchfield and Etling, Wooster, for Motor Co.

Judges SHIELDS, LEMERT and HOUCK (5th Dist) sitting.

HOUCK, J.

We know of no rule of law—either statutory or court made—which precludes a trial judge from changing his mind as to a ruling made by him when such is done in the interest of justice and equity and is announced at a time when it does not interfere with or prejudice the legal or equitable rights of either of the interested parties.

An examination of the pleadings fully convinces us that the action of the court was proper and right in the premises and in this respect no prejudicial error has intervened.

If the questioned deposit, under the facts, was of a general nature and character, the judgment of the common pleas court must be reversed, but if it was a special or limited one made so by the proven facts and circumstances of the case, then the judgment must be affirmed. In other words, if the evidence sustains the material allegations of the petition of plaintiff, then the judgment below should not be disturbed.

The rule in Ohio seems to be that money received by a bank on general deposit is the property of the bank, and that it has the right in such cases to set off past due paper owing by a depositor.

See: **Bank vs. Brewing Co., 50 OS. 151.**

Of course, this rule only applies in cases where the deposit is a general one and has no application to special or limited deposits.

It may be said that a deposit is one to be repaid on demand in money, and the title to the money deposited passes to the bank. The mere deposit of money in a bank on account of a depositor, without being complicated by a special agreement or contract as to when, how, to whom or under what circumstances it is to be paid out or upon whose order such is to be done is a general deposit. However, the deposit may be one other than general when it is made so by special agreement between the bank and the depositor as claimed by plaintiff in its petition.

While prima facie every deposit is general, yet it may become a special or limited deposit under and by agreement of the depositor and depository. Applying this to the instant case we find under the allega-

tions of the petition and the proof offered in support of same that the deposit now under inquiry was and is a special or limited one and not general and that the material statements of fact in the petition have been fully established by the record evidence.

Banks as well as individuals are bound in law by their contracts and agreements and when such are established by the evidence must be enforced by our courts. See: **Paige vs.. National Bank, 12 O. A. R. 197.**

A reviewing court will not reverse a judgment based on the claim that it is against the manifest weight of the evidence unless after a careful reading of all of the evidence offered, it is fully and completely satisfied that such claim is well founded, which in the case at bar does not appear.

The record, before us, does not disclose any errors of a prejudicial character as against the plaintiff in error and the judgment of the common pleas court must be affirmed.

Shields, J, and Lemert, J, concur.