DECISION AND JUDGMENT ENTRY
{¶ 1} Harold A. Stacey appeals the trial court's judgment denying his post-sentence motion to withdraw his guilty plea to a charge of burglary with a firearm specification. He contends that he did not knowingly, intelligently, and voluntarily plead guilty since the court mistakenly advised him that his sentence for the firearm specification would run concurrent to any prison time he received in the State of Kentucky for other criminal charges. Because Stacey's current Ohio release date corresponds to the six-year sentence that he agreed to, his claims are moot and we dismiss the appeal.
 {¶ 2} In 2001, Stacey pled guilty and the court sentenced him to: (1) a term of three years imprisonment for a burglary offense with an additional consecutive three years for a firearm specification, and (2) a one year term of imprisonment for disrupting public services. The court ordered the disrupting public services sentence to run concurrently to the burglary and firearm specification sentences. Thus, the court sentenced Stacey to a total of six years in prison. The court additionally ordered that the sentences be served concurrently with any sentence he received for certain offenses committed in Kentucky.
 {¶ 3} In 2005, upon returning to the Ohio penal system after completing his term of imprisonment in Kentucky, Stacey filed a post-sentence motion to withdraw his guilty plea. When Ohio authorities initially calculated his release date, they informed him he would not get credit for all the time he served in Kentucky because the Ohio gun charge was not subject to concurrent sentencing. Thus, he argued that the trial court and his trial counsel misinformed him that his Ohio sentence on the firearm specification would run concurrently to the Kentucky sentence. He contended that since his gun specification charge could not run concurrently to the out-of-state sentence, his plea was not made knowingly, intelligently or voluntarily. He seemed to also argue that concurrent meant when his Kentucky sentence was over, his Ohio sentence should also expire.
 {¶ 4} The trial court denied his motion, noting while it had ordered his sentences to run concurrently with any sentence he received on certain Kentucky violations, Stacey still had to serve the full extent of his Ohio sentence, even if his Kentucky sentence expired first.
 {¶ 5} Stacey appealed and assigns the following error:
The trial court erred to the prejudice of defendant-appellant when it denied defendant-appellant his [Fifth] and [Fourteenth] Amendment rights in entering a knowing, intelligent, and voluntary plea.
 {¶ 6} Stacey argues that the trial court erred by denying his motion to withdraw his guilty plea because it was based upon the allegedly erroneous information that his Ohio sentences would run concurrently to the prison time for his Kentucky convictions.
 {¶ 7} We need not reach the merits of Stacey's argument because we sua sponte reconsider our prior decision denying the state's motion to dismiss this appeal as moot. As the state noted in its motion to dismiss and documented with exhibits, Stacey's Ohio release date has been changed to reflect a six-year prison term that gives him credit for all the time he spent in the Kentucky prison system. This is exactly what Stacey bargained for in his plea agreement. Although the state relies on evidence outside the record to show that Stacey's release date has been changed and that the appeal is moot, this is not improper. See Pewitt v. Superintendent,Lorain Correctional Institution (1992), 64 Ohio St.3d 470, 597 N.E.2d 92
(stating an event that causes a case to become moot may be proved by evidence outside the record). Because the arguments Stacey raises to support his motion to withdraw his guilty plea are moot, we dismiss this appeal.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.