JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, MDM Realty Ltd., Michael Maloof, Daniel Maloof, and Maloof Ltd. (collectively "MDM"), appeal the trial court's decision granting summary judgment in favor of defendants-appellees, Progress Properties South Limited Partnership, 1100 Carnegie LLP, and Firstar Bank ("Firstar").[1]
 {¶ 2} In 1998, the City of Cleveland enacted ordinances vacating portions of East 12th Street, East 13th
Street, and Webster Avenue in downtown Cleveland. In 2002, MDM filed a complaint alleging that the City improperly vacated the streets and unlawfully transferred property to Progress Properties. MDM also alleged that the City deprived it of its property without due process of law and took its property for public use without just compensation.
 {¶ 3} MDM's principal contention was that the City failed to provide it with notice of the proposed vacations in the manner required by the city charter. MDM sought to have the street vacations declared null and void and also sought monetary damages for the alleged illegal taking of its property. The complaint further sought the voiding of all liens held by Firstar.
 {¶ 4} The defendants separately moved for summary judgment. In two separate entries, the trial court declared that Firstar's and the City's motions for summary judgment were moot. In a third entry, the trial court granted Progress Properties' motion for summary judgment and referenced an attached written *Page 4 
opinion. In its opinion, the trial court found that, (1) the City had properly followed the requirements of its charter in serving MDM with notice of the proposed street vacations, (2) the City was required only to send notice pursuant to the provisions of its charter, and (3) there was no evidence the City had committed fraud or abused its discretion in enacting the ordinances. The trial court concluded that the City had properly vacated the streets at issue.
 {¶ 5} MDM appealed the trial court's decision and indicated in its notice of appeal that it was appealing the trial court's order granting summary judgment for Progress Properties. The notice of appeal did not specify the court's two entries which found moot the motions for summary judgment filed by the City and Firstar. The trial court's written opinion, however, discussed the claims against the City. This court, upon a preliminary review, discovered no journal entry disposing of the claims against the City or Firstar. We remanded the case to the trial court to clarify the disposition of those claims.[2] In pertinent part, we found:
 "Although the trial [court] granted the motion for summary judgment filed by [Progress Properties], the trial court ruled that the motions for summary judgment filed by [Firstar] and the City were `moot.' * * * This court is unable to identify a journal entry disposing of plaintiff's claims against the City and [Firstar]. * * * Sua sponte, this appeal is remanded to the trial court for clarification of the disposition of the claims against the City and [Firstar]."
 {¶ 6} Upon remand, the trial court vacated its previous orders declaring moot the City's and Firstar's motions for summary judgment, and the court issued two *Page 5 
new judgment entries granting summary judgment for the City as well as Firstar. MDM filed a second notice of appeal, to which it attached only the order in which the trial court granted summary judgment for Firstar.
 {¶ 7} The City filed a motion with this court to intervene for the limited purpose of filing a motion to strike those portions of MDM's brief which challenged the trial court's granting the City's summary judgment motion. MDM opposed the City's motion, arguing that the City was a party to the appeal. We denied the City's motion to intervene and motion to strike. The City then filed its appellate brief, again maintaining that it is not a proper party to this appeal.[3]
 {¶ 8} In its appeal, MDM raises seven assignments of error. Progress Properties filed a cross appeal, raising one assignment of error.
 Claims Against the City {¶ 9} We will first discuss those assignments of error related to the City.
 {¶ 10} In its second assignment of error, MDM argues that the trial court applied the wrong legal standard in determining its challenge to the validity of the City's ordinances. In the third assignment of error, MDM argues that the trial court erred in granting the City's motion for summary judgment when the court's findings demonstrate that the City failed to comply with notice requirements. In the fourth assignment of error, MDM claims that the City failed to serve MDM with notice of the *Page 6 
resolutions as mandated by the city charter. In its seventh assignment of error, MDM argues that the trial court erred in granting summary judgment in favor of the City because there were genuine factual issues as to whether MDM commenced its action within two years of discovery of the claims.
 {¶ 11} For the following reasons, we find that MDM has not perfected an appeal against the City and therefore, we overrule the second, third, fourth, and seventh assignments of error.
 {¶ 12} The Appellate Rules provide that an appellant is required to specify the order being appealed in its notice of appeal. App.R. 3(D) provides, in pertinent part:
 "(D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
 {¶ 13} In Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320,649 N.E.2d 1229, syllabus, the Ohio Supreme Court held:
 "Pursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion."
 {¶ 14} Thus, this court is vested with the discretion to determine the appropriate "sanction" against MDM for failing to designate the order granting summary judgment to the City in their notice of appeal. *Page 7 
 {¶ 15} The purpose of a notice of appeal is to apprise the opposite party of the taking of an appeal. "If this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished." Maritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 259, 436 N.E.2d 1034.
 {¶ 16} Applying the foregoing, we note that the trial court granted summary judgment in favor of the City in an entry separate from that granting summary judgment to Firstar, and the entry regarding the City was neither mentioned in nor appended to the notice of appeal. Therefore, the notice of appeal did not apprise the City that MDM was appealing the granting of summary judgment to the City because it did not in any way reference the City or the court's entry granting summary judgment for the City. Cf. DiCello v. Shepard, Cuyahoga App. No. 77107, 2001-Ohio-4168.
 {¶ 17} In the notice of appeal which MDM filed on August 3, 2006, MDM stated that it was appealing the July 7, 2006, order of the court granting summary judgment to Firstar. The praecipe attached to the notice of appeal requires an appealing party to "briefly summarize the assignments of error presently anticipated to be raised on appeal." In response, MDM stated "[t]he trial court erred in finding that there are no genuine issues of fact in entering summary judgment in favor of co-defendant Firstar Bank." Nowhere in the notice of appeal is the City, or the order granting the City summary judgment, mentioned. *Page 8 
 {¶ 18} MDM argues that the City is a party to this appeal because it was a party to the first appeal MDM filed. MDM claims that the City remains a party because this court remanded the case for clarification and never dismissed the original appeal for lack of a final appealable order. MDM also argues that, since the City filed briefs in the first appeal, the City was properly put on notice that it remained a party. We disagree.
 {¶ 19} First, we find it necessary to clarify this court's statement that "the City is an appellee to this appeal," which is contained in our order denying the City's motion to intervene. Finding that the City is an appellee, or a party to the appeal, does not necessarily mean that an appeal has been perfected against the City. Designating the City as an "appellee" is not the same as finding that MDM can maintain an appeal against the City.
 {¶ 20} The original order issued by the trial court, which granted summary judgment to Progress Properties, did not include any final disposition of the claims against the City or Firstar. Upon remand, the trial court vacated its order finding the City's and Firstar's motions moot, and then granted the two motions for summary judgment in two separate entries. It was incumbent upon MDM to appeal the new ruling granting summary judgment to the City, especially since the prior ruling had been vacated by the trial court. And, in fact, MDM did appeal the entry granting summary judgment to Firstar. That notice of appeal, however, failed to properly apprise the City that it was subject to MDM's appeal. *Page 9 
 {¶ 21} Moreover, we find that MDM was on notice that it had not appealed the order granting summary judgment to the City when the City filed its motion to intervene in January 2006. Subsequent to that motion, a status conference was held, and the City filed numerous motions.[4] At no time did MDM move to amend its notice of appeal. See App.R. 3(F).
 {¶ 22} We find that MDM is attempting to utilize the instant appeal to improperly seek review of alleged errors which it failed to timely appeal. As we stated in State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590:
 "This type of `bootstrapping' to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order."
 {¶ 23} The difference in this case is that MDM is attempting to use a prior order (the original appeal) to indirectly appeal a subsequent order (that which granted the City summary judgment), which was never directly appealed.
 {¶ 24} Therefore, pursuant to App.R. 3, 4(A), 5, and 16(A), and the authority cited herein, we exercise our discretion and will not consider the above-mentioned assignments of error related to the court's granting summary judgment for the City. *Page 10 
 {¶ 25} We are cognizant that this court issued two interlocutory rulings denying the City's motion to intervene and motion to strike. InGoldman v. Transportation Leasing, Inc. (Feb. 19, 1981), Cuyahoga App. No. 42480, we stated:
 "It is well established that a trial court has inherent power and authority to reconsider its own interlocutory rulings. See Olson v. Watson (App., 1936), 22 Ohio Law Abs. 118. Where reconsideration of an interlocutory ruling is in the interests of justice, no rule of law, either statutory or court made, precludes a trial court from reconsidering rulings made during the course of a trial. See Wayne Cty. Natl. Bank v. Predmore-Henry Motor Co. (App., 1928), 7 Ohio Law Abs. 425.
 The promulgation of the Ohio Rules of Civil Procedure did not abrogate the trial court's inherent authority to reconsider its own interlocutory rulings. The Civil Rules were designed to eliminate impediments to the expeditious administration of justice and do not preclude a trial court from reconsidering an interlocutory decision * * *."
 {¶ 26} Likewise, we know of no prohibition on an appellate court to reconsider its own interlocutory rulings. Moreover, we note that the City's motion to strike requested only that we strike the seventh assignment of error and accompanying facts. A review of the contents of MDM's appellate brief reveals that assignments of error two, three, and four also cannot be considered by this court because they too assign error relating to the City.
 {¶ 27} Therefore, the second, third, fourth, and seventh assignments of error are overruled.
 Progress Properties and Firstar *Page 11 {¶ 28} In the first assignment of error, MDM argues that the trial court erred in granting a motion for summary judgment on dispositive issues that were never raised and on which no evidence was ever presented.
 {¶ 29} MDM claims that the trial court sua sponte entered summary judgment because it granted the parties' motions "based on facts not in evidence." Specifically, MDM argues that the trial court granted summary judgment even though none of the parties ever raised "the legal issue of what standard is to be applied to a claim brought to invalidate a city ordinance for failure to follow the procedural mandates in enacting the ordinance," or "the case-specific factual issue of whether the City complied with the notice provision * * * when enacting the ordinances vacating the municipal streets."
 {¶ 30} We find that this argument, although couched in terms that encompass the appellees as a whole, again relates back to MDM's claims against the City. Moreover, because all the defendants-appellees moved for summary judgment, we find that the trial court did not sua sponte grant summary judgment. Because the claims against Progress Properties rely on the underlying premise that the City illegally vacated the streets, MDM's failure to appeal the court's granting summary judgment for the City renders this argument moot.
 {¶ 31} Therefore, the first assignment of error is overruled.
 {¶ 32} In the fifth assignment of error, MDM argues that the trial court erred in granting Firstar's motion for summary judgment because Firstar waived the defense of bona fide purchaser. In the sixth assignment of error, MDM argues that the trial *Page 12 
court erred in granting Firstar's motion for summary judgment because Firstar's status as a bona fide purchaser cannot operate to ratify ordinances that were not validly enacted.
 {¶ 33} MDM continues to argue that the City improperly vacated the streets, which forms the basis of its claim against Firstar. Because the vacation issue has been fully adjudicated and an appeal has not been properly perfected against the City, we will not review whether the property was properly vacated. See Set Prods. v. Bainbridge Township Bd.of Zoning Appeals (1987) 31 Ohio St. 3d 260, 263, 510 N.E.2d 373 (a decision, whether or not erroneous, if not appealed, becomes a final judgment on the merits, and is res judicata to identical future applications); LaBarbera v. Batsch (1967), 10 Ohio St.2d 106,227 N.E.2d 55.
 {¶ 34} Thus, the issue of whether Firstar was correctly deemed a bona fide purchaser is relevant only if the City improperly vacated the streets. Because MDM has failed to perfect its appeal challenging the City's vacating the streets, this issue is moot.
 {¶ 35} Therefore, the fifth and sixth assignments of error are overruled.
 {¶ 36} In Progress Properties' cross appeal, the company argues that the trial court erred in denying it leave to amend its answer. Progress Properties contends we need only consider its assigned error if MDM is successful on the issues raised in its appeal. In Pang v. Minch (1990),53 Ohio St.3d 186, 559 N.E.2d 1313, at paragraph eight of the syllabus, the Ohio Supreme Court held: *Page 13 
 "Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. The judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals."
 {¶ 37} Thus, we need not consider the assignment of error raised by Progress Properties in its cross appeal.
 Accordingly, judgment is affirmed.
 It is ordered that appellees recover of appellants the costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
SEAN C. GALLAGHER, J. and CHRISTINE T. McMONAGLE, J. CONCUR
[1] Progress Properties South Limited Partnership and 1100 Carnegie LLP are collectively referred to as "Progress Properties." The City of Cleveland ("City") was also granted summary judgment, but neither notice of appeal in Case Nos. 86937 nor 88540 referred to the City.
[2] We note that the trial court's written opinion, which referenced the claims against the City, does not mention Firstar. Firstar, however, has not disputed that they are a proper party to the second appeal, Case No. 88540.
[3] Prior to oral argument, this court issued notice to the parties to be prepared to argue whether the failure of appellant to designate in their notice of appeal in Case No. 88540 that the July 7, 2006 order granting the City of Cleveland's motion for summary judgment is one of the orders being appealed by appellant prevents this court from reaching the merits of appellants' seventh assignment of error.
[4] Although the City argues that MDM agreed that the City was not a party to the appeal, and Progress Properties indicates that MDM was put on notice at the status conference, we cannot consider these claims because they are not part of the record before us. *Page 1