Brown, C.J.,
dissenting.
{¶ 53} The court of appeals cogently summarized the issue now before this court as follows: “[W]hether, once a trial court has denied a motion for acquittal that was properly filed within 14 days after the jury was discharged following a mistrial, the trial court has authority to reconsider that denial.” State v. Ross, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 16. The majority holds that the answer to this inquiry is “no.” I disagree. In my view, the court of appeals correctly recognized that the trial court’s initial denial of a timely filed Crim.R. 29(C) motion (motion for acquittal after verdict or discharge of jury) was an interlocutory order and that the trial court had inherent authority to subsequently reconsider that denial and grant the motion at any time before final judgment. Ross at ¶ 1. I therefore would affirm the judgment of the court of appeals.
{¶ 54} It has long been the law in Ohio that “a trial court has inherent power and authority to reconsider its own interlocutory rulings.” Goldman v. Transp. Leasing, Inc. (Feb. 19, 1981), Cuyahoga App. No. 42480, citing Wayne Cty. Natl. Bank v. Predmore-Henry Motor Co. (1928), 7 Ohio Law Abs. 425, 1928 WL 2686. See also Olson v. Watson (1936), 22 Ohio Law Abs. 118, 1936 WL 2084. “Where reconsideration of an interlocutory ruling is in the interests of justice, no rule of law, either statutory or court made, precludes a trial court from reconsidering rulings made during the course of a trial.” Goldman. This long-established doctrine applies to both civil and criminal cases. Stow v. Sexton (Jan. 10, 1996), Summit App. No. 17263, 1996 WL 11985.
{¶ 55} The majority’s analysis focuses on “whether a renewed motion for acquittal may be made outside the time limitations of Crim.R. 29(C).” But that is not the issue. A timely filed motion for acquittal had been filed in this case, and the court had authority to reconsider its initial ruling on that motion at any time before final judgment.
{¶ 56} The fact that the defense filed a renewed defense motion or motion for reconsideration does not change that conclusion. Surely the trial court’s authority to reconsider an interlocutory order cannot be divested simply because a party submits a supplemental written filing — which the trial court arguably may in its *297 discretion disregard entirely as not being specifically authorized by the Civil or Criminal Rules. But neither the Civil nor the Criminal Rules bar a trial court from agreeing to consider a motion to reconsider an interlocutory ruling — to do so is within its inherent authority.
{¶ 57} Assume, hypothetically, that defense counsel for Ross had suggested orally during a court proceeding, rather than in a written filing, that counsel continued to believe that there was insufficient evidence to prove Ross’s guilt and that the earlier denial of a timely filed motion for acquittal had been wrongly decided. Under the majority’s ruling, the trial court could not thereafter review its previous decision, and it would lack the authority to correct a ruling it believed to be erroneous. In fact, the majority would preclude a trial judge from changing its interlocutory ruling sua sponte to correct what it believes to be a mistake. As a trial judge, I sometimes recognized an error in a previous interlocutory ruling, and in that event, I would bring the matter to the attention of counsel and provide an appropriate correction. In my view, when a trial judge realizes it has erred, it is preferable for the judge to correct its mistake promptly rather than to continue with proceedings only to have that error corrected later by the court of appeals. The majority appears to preclude that result, depriving a trial court of appropriate discretionary authority and failing to promote judicial economy.
{¶ 58} It is true that pursuant to Crim.R. 45(B), a trial court may not “extend the time for taking any action” authorized by Crim.R. 29. But Crim.R. 29(C) limits only the time for filing a motion, not for ruling on it: “[A] motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period.” Thus, Crim.R. 45’s prohibition against “extend[ing] the time for taking action under * * * Rule 29” means only that a trial court may not enlarge the time for filing a motion. The trial court did no such thing in this case.
{¶ 59} In summary, Crim.R. 29 itself does not provide any time period for ruling on motions. Thus, there is no deadline for ruling that the court is prohibited from extending under Crim.R. 45(B), and trial courts have inherent authority to reconsider interlocutory orders. Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, fn. 1. As the court of appeals recognized, the denial of Ross’s motion for acquittal was not a final order, as it did not “determine[ ] the action and prevent[ ] a judgment,” R.C. 2505.02(B)(1), nor did the denial fall within any of the other subparts of R.C. 2505.02(B). Ross, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 12. It was, therefore, an interlocutory order, subject to trial court reconsideration. Id.
*298 William D. Mason, Summit County Special Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellant.
Burdon & Merlitti and Lawrence J. Whitney; and Jacob A. Cairns, for appellee.
Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.
Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.
{¶ 60} There is no convincing policy justification for creating an exception to this general rule. To the contrary, today’s decision unnecessarily opens the door to future attacks on a trial court’s inherent authority to control its own docket and correct its own interlocutory mistakes in criminal cases. One can only speculate where the slippery slope beginning with today’s decision might end.
{¶ 61} Accordingly, I dissent.