[Cite as *Bellamy v. Bellamy*, 2012-Ohio-2780.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Jennifer Bellamy, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 10CA45 |
| v. | : | |
| | : | DECISION AND |
| Evan Bellamy, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | Filed: June 19, 2012 |

_____

APPEARANCES:

Jennifer Bellamy, Guysville, Ohio, pro se, Appellant.

Evan Bellamy, Dover, Delaware, pro se, Appellee.

_____

Kline, J.:

**{¶1}** Jennifer Bellamy (hereinafter "Jennifer") appeals the decision of the Athens County Court of Common Pleas, which found her in contempt. The trial court sentenced Jennifer to three days in jail for violating the terms of a shared parenting plan. Specifically, the trial court found that Jennifer violated terms related to her children's religious upbringing. The court, however, allowed Jennifer to purge her contempt by either (1) re-enrolling her children in South Canaan Baptist Church or (2) agreeing to some other arrangement with the children's father. Because Jennifer has satisfied one of the purge conditions, we conclude that this appeal is moot. Accordingly, we dismiss this appeal.

I.

{¶2} Jennifer married Evan Bellamy (hereinafter "Evan") in 2001, and the couple had two-minor children. After Jennifer filed for divorce, the parties agreed to a Shared Parenting Plan (hereinafter the "Parenting Plan"). Under the Parenting Plan, the "parties agree[d] to mutual consultation and mutual responsibility on the following areas of concern in the raising of the CHILDREN * * * 3. The religious instruction and affiliation of the CHILDREN." On February 2, 2010, the trial court adopted the Parenting Plan as part of the divorce decree.

{¶3} On March 3, 2010, Evan filed a motion for contempt against Jennifer. Evan alleged that "[Jennifer] refuses to continue children's religious education and discuss same with [Evan] in violation of [the Parenting Plan.]" Eventually, the trial court found Jennifer to be in contempt. The trial court's contempt entry states the following:

> [Jennifer] is found in contempt for the reasons cited in the
> Magistrate's Decision of July 23, 2010, and sentenced to
> three (3) days in the Southeastern Ohio Regional Jail. She
> shall have thirty (30) days after the filing of this Judgment
> Entry to re-enroll the children in the South Canaan Baptist
> Church or to consult with [Evan] and mutually agree upon
> some other arrangement. (Underlining sic.) *Id.* at 3.

{¶4} Jennifer appeals the trial court's contempt finding, but her appellate brief does not contain specific assignments of error. Nevertheless, Jennifer does argue (1) that the Parenting Plan does not require her to send the children to a specific church and (2) that the trial court's decision violates the Ohio Constitution, Article 1, Section 7. Therefore, we will consider these arguments to be her assignments of error. *See*

*generally In re Estate of Pallay*, 4th Dist. No. 05CA45, 2006-Ohio-3528, ¶ 10 ("This court has long had a policy of affording considerable leniency to pro se litigants.").

II.

**{¶5}** Jennifer argues that the trial court erred because the Parenting Plan did not require her to enroll the children in a specific church. In the alternative, Jennifer argues that the trial court's decision violates her right to freedom of religion under the Ohio Constitution.

**{¶6}** Here, we find that outside events have rendered Jennifer's appeal moot. Specifically, we find that Jennifer has already purged her contempt. "Ohio courts have long exercised judicial restraint in cases which are not actual controversies. No actual controversy exists where a case has been rendered moot by an outside event." (Internal citation omitted.) *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Moreover, "a moot appeal is subject to dismissal." *Townsend v. Antioch Univ.*, 2d Dist. No. 2008 CA 103, 2009-Ohio-2552, ¶ 8.

**{¶7}** As part of this appeal, Evan filed a letter "in rebuttal to Jennifer Wilfongs' contempt appeal" (hereinafter "Evan's Letter").[1] Evan's Letter references evidence that was not before the trial court. "In general, an appellate court can only consider evidence that was before the trial court, but if a later event causes the case to become moot the court may consider extrinsic evidence outside the record." *Sanders v.*

---

[1] Evan filed this letter on August 8, 2011. We struck Evan's Letter from the record in a September 14, 2011 entry because the letter did not satisfy the requirements for an appellee's brief. Because Evan's Letter contains information pertinent to our resolution of this appeal, we now reconsider and overrule our September 14, 2011 entry. *See MDM Realty Ltd. v. Progress Properties South Ltd. Partnership*, 8th Dist. Nos. 86937 & 88540, 2007-Ohio-3668, ¶ 26 (finding that an appellate court may reconsider its own interlocutory rulings).

*Hudson*, 5th Dist. No. 2008-CA-0105, 2009-Ohio-2907, ¶ 3, citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. And here, Evan's Letter demonstrates that Jennifer has purged her contempt. Therefore, even though it contains evidence outside the record, we will consider Evan's Letter. *See In re N.G.*, 4th Dist. No. 09CA15, 2009-Ohio-4915, ¶ 15, fn. 1; *State v. Stacey*, 4th Dist. No. 05CA12, 2005-Ohio-5014, ¶ 7, citing *Pewitt v. Superintendent, Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

**{¶8}** In the proceedings below, the trial court provided that Jennifer could purge her contempt if she "consulted with [Evan] and [they] mutually agree[d] upon some other arrangement." (Underlining sic.) Judgment entry at 3. And significantly, Evan's Letter states the following: "After the contempt hearing and the rulings were entered, Jennifer asked me if she could continue attending Hockingport Christian church, to which I agreed. I also asked her to re-enroll our sons in the Awana programs, which she has done." Therefore, Evan's letter demonstrates that Jennifer and Evan mutually agreed upon an arrangement for their children's religious instruction and affiliation. In other words, Jennifer has satisfied one of the trial court's options to purge her contempt. As a result, Jennifer's contempt has been purged, and there is no actual controversy for us to review.

**{¶9}** Accordingly, because this case has been rendered moot, we dismiss this appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**