[Cite as *Rambacher v. Testa*, 2014-Ohio-1488.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| FRANCES L. RAMBACHER, | : | Case No. 13CA14 |
| Appellant-Appellant, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JOSEPH W. TESTA, TAX COMMISSIONER OF OHIO, | : | |
| | : | **RELEASED: 03/27/14** |
| Appellee-Appellee. | : | |
| | : | |

APPEARANCES:

Richard F. Bentley, Wolfe & Bentley, L.L.P., Ironton, Ohio, for appellant.

Michael DeWine, Ohio Attorney General, and Melissa W. Baldwin, Assistant Attorney General, Columbus, Ohio, for appellee.

Harsha, J.

{¶1} Frances L. Rambacher appeals from a decision of the Board of Tax Appeals ("BTA") that affirmed the Tax Commissioner of Ohio's assessment of taxes, interest, and penalties of $1,097.47 against her for taxes due in 2006.

{¶2} Initially, the commissioner argues, this case was rendered moot because Mrs. Rambacher's husband cashed a refund check for the overpayment of taxes that had been improperly credited to his liability. However, there is no evidence that Mrs. Rambacher cashed the check or had access to or control of these proceeds. And the mere fact that her husband cashed the check did not affect her liability for her assessed taxes, so the case is not moot.

{¶3} On the merits of her first, second, and third assignments of error, the BTA's determination that the commissioner properly assessed taxes, interest, and

penalties to Mrs. Rambacher for her 2006 taxes is neither reasonable nor lawful.  The Ohio Department of Taxation failed to allocate the joint estimated tax payments submitted by the Rambachers for their 2006 taxes in accordance with their specified allocation.  By not following its own declared procedure, the tax department erroneously failed to credit Mrs. Rambacher with the payments allocated by her and her husband, resulting in the department erroneously determining that she owed taxes, interest, and penalties for the 2006 tax year.

{¶4}    Because the BTA's decision is unreasonable and unlawful, we sustain Mrs. Rambacher's first, second, and third assignments of error.  We reverse the decision of the BTA with instructions that Mrs. Rambacher be credited with the amount of the joint estimated payments the Rambachers allocated to her 2006 income taxes, resulting in the refund she seeks, with statutory interest.  Mrs. Rambacher's remaining assignments of error are rendered moot.

## I.  FACTS

{¶5}    For tax year 2006 the Rambachers paid $1,400 in joint estimated income taxes to the Ohio Department of Taxation.  On the payment voucher the Rambachers requested that the tax department allocate $910 of their payments to Mrs. Rambacher's 2006 taxes and the remaining $490 to Mr. Rambacher's 2006 taxes.  The Rambachers later submitted their individual tax returns for 2006 as "married filing separately."  Consistent with their prior allocation of the joint estimated taxes paid, Mrs. Rambacher's return indicated a credit of $38 ($872 in taxes-$910 in taxes paid) to be applied to her 2007 taxes and Mr. Rambacher's return indicated a credit of $21 ($469 in taxes-$490 in taxes paid) to be applied to his 2007 taxes.

{¶6}    The tax department ignored the Rambachers' requested allocation and instead credited Mrs. Rambacher with only $10 of the $910 she and her husband requested be allocated for her taxes.  The tax department credited the remaining $900 to Mr. Rambacher, resulting in the issuance to him of a $900 refund check, which he endorsed and deposited.  According to the commissioner, the tax department's failure to apply the Rambachers' tax payments as they instructed was due to its computer system's inability to "read" the notations by the Rambachers on their payment vouchers and tax returns.

{¶7}    The commissioner assessed Mrs. Rambacher $1,076.95 in taxes, interest, and penalties due for 2006.  She objected to the assessment because the tax department had failed to credit her with the full $910 amount in payments that the Rambachers requested.  The commissioner ultimately overruled Mrs. Rambacher's objection based on his determination that she "failed to provide any other information in support of adjustment" and "failed to demonstrate error in the assessment."  The commissioner affirmed a final assessment of $1,097.47, including $862 in unpaid taxes, interest, and penalties against Mrs. Rambacher for the 2006 tax year.

{¶8}    Mrs. Rambacher appealed the commissioner's final determination to the BTA, claiming that the state failed to give her credit for the $910 estimated tax payment.  She filed a motion for a "finding in full" for her for the 2006 tax year, noting that the tax department had released a lien on the Rambachers' real property that had been placed on their property to collect on the tax assessment.  The BTA denied the motion, construed it to be a waiver of the scheduled hearing, and treated the motion as her merit brief.  When Mrs. Rambacher did not appear for the previously scheduled hearing,

the commissioner stood on the record.  The BTA affirmed the commissioner's

determination based on its finding that Mrs. Rambacher "failed to meet her burden of

demonstrating the error in the commissioner's determination."

{¶9}    Mrs. Rambacher appeals from the BTA's decision.

## II.  ASSIGNMENTS OF ERROR

{¶10}  Mrs. Rambacher assigns the following errors for our review:

1.  THE BOARD OF TAX APPEALS' END [sic] TO THE PREJUDICE OF
APPELLANT IN DENYING THAT SPOUSES PAYING JOINT
ESTIMATED TAX MAY AGREE HOW TO ALLOCATE THAT AMOUNT
PAID WHEN FILING SEPARATE INCOME TAX RETURNS.

2.  THE BOARD OF TAX APPEALS ERRED TO THE PREJUDICE OF
APPELLANT THAT THE APPELLANT FAILED TO PROVIDE
INFORMATION TO DISPUTE THE AMOUNT ASSESSED.

3.  THE BOARD OF TAX APPEALS ERRED TO THE PREJUDICE OF
APPELLANT THAT THE APPELLANT FAILS TO PROVIDE
INFORMATION TO DISPUTE HER CONTENTION THAT $910.00 HAD
PREVIOUSLY BEEN PAID.

4.  THE BOARD OF TAX APPEALS ERRED TO THE PREJUDICE OF
APPELLANT THAT THE APPELLANT WAS HARMED BY THE LATE
AND UNTIMELY FILING OF THE TRANSCRIPT RECORD IN
VIOLATION OF O.A.C. §5717-1-09(A).

5.  THE BOARD OF TAX APPEALS ERRED TO THE PREJUDICE OF
APPELLANT THAT THE BOARD CONSIDERED APPELLANT HAVING
WAIVED THE HEARING BY IT'S DECISION OF JUNE 4, 2013 IN WHICH
THE TRANSCRIPT WAS NOT FILED UNTIL JUNE 19, 2013, WHICH
APPELLANT WAS NOT ABLE TO RESPOND IN VIOLATION OF DUE
PROCESS.

6.  THE BOARD OF TAX APPEALS ERRED TO THE PREJUDICE OF
APPELLANT IN THE BOARD NOT CONSIDERING APPELLANT'S
MOTION FOR RECONSIDERATION AND THE ADDITIONAL EVIDENCE
OF THE LIEN RELEASE FILED BY THE OHIO DEPARTMENT OF
TAXATION, AS APPELLANT DID NOT RECEIVE THE TRANSCRIPT
UNTIL AUGUST 9, 2013, DISCOVERNG THAT THE LIEN RELEASE
WAS NOT PART OF THE TRANSCRIPT.

### III.  STANDARD OF REVIEW

**{¶11}**   Under R.C. 5717.04, an appeal from a BTA decision "shall be by appeal to the supreme court or the court of appeals for the county in which the property is situate or in which the taxpayer resides."  The court reviews the BTA's decision to determine whether it is reasonable and lawful.  *See Gesler v. Worthington Income Tax Bd. of Appeals*, 138 Ohio St.3d 76, 2013-Ohio-4986, 3 N.E.3d 1177, ¶ 10; *Remy v. Limbach*, 4th Dist. Pickaway Nos. 88 CA 5, 88 CA 6, and 88 CA 7, 1989 WL 100112, *6 (Aug. 24, 1989); R.C. 5717.04 ("If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification").

**{¶12}**   "We will uphold the BTA's determination of fact if the record contains reliable and probative evidence supporting its determination."  *Gesler* at ¶ 10, citing *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14.  In addition, we review the BTA's resolution of a question of law de novo, and we will affirm its decision only if it correctly applies the law.  *Gesler* at ¶ 10, citing *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, 923 N.E.2d 1144, ¶ 13.

### IV.  LAW AND ANALYSIS

### A.  Mootness

**{¶13}**  The commissioner initially argues that this appeal should be dismissed as moot because the Rambachers "cashed the check issued by the Department that

represented a refund of the overpaid estimated income taxes, and accordingly, foreclosed the possibility of obtaining the relief sought."

**{¶14}** A " 'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). "It is not the duty of the court to answer moot questions, and when pending proceedings * * *, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *see also Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991) ("Ohio courts have long exercised judicial restraint in cases which are not actual controversies. No actual controversy exists where a case has been rendered moot by an outside event"). "Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." *State ex rel. Gaylor v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 11; *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 7.

**{¶15}** This case is not moot. Although the tax lien that the tax department placed on the Rambachers' property to collect the unpaid taxes, interest, and penalties has been released, the department has not vacated the tax assessment that Mrs. Rambacher is challenging in this appeal. Nor did Mrs. Rambacher voluntarily pay the taxes assessed during the pendency of her appeals. *Compare Swetland Co. v. Veatt,*

139 Ohio St. 6, 22, 37 N.E.2d 601 (1941) (taxpayer's payment of taxes in full was voluntary, which rendered moot the matter before the county board of revision).

**{¶16}**  Moreover, there is no evidence in the record or even attached to the commissioner's brief on appeal that supports the state's claim that Mrs. Rambacher cashed the refund check made out to her husband or that she has any control over the proceeds of the check that her husband deposited.  *See Bellamy v. Bellamy*, 4th Dist. Athens No. 10CA45, 2012-Ohio-2780, ¶ 7, citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, ¶ 8  (appellate court may consider extrinsic evidence outside the record to determine if case is moot).  The check attached to the commissioner's brief indicates that he alone endorsed the check.  (Aee Brief, Ex. 3)  Therefore, there is nothing to support the commissioner's claim that vacating the tax assessment against Mrs. Rambacher will unjustly enrich her.  Thus we conclude, the merits of this appeal are properly before us.

### B.  Failure to Allocate Joint Estimated Tax Payments

**{¶17}**  In Mrs. Rambacher's first, second, and third assignments of error, she asserts that the BTA erred in denying that spouses paying joint estimated taxes may allocate the amount to be paid on subsequently filed separate income tax returns, and in finding that Mrs. Rambacher failed to provide information to support her appeal of the tax commissioner's determination.  Because these assignments of error are interrelated, we consider them jointly.

**{¶18}**  Under R.C. 5747.09(B), "[e]very taxpayer shall make a declaration of estimated taxes for the current taxable year, in the form that the tax commissioner shall prescribe, if the amount payable as estimated taxes, less the amount to be withheld

from the taxpayer's compensation, is more than five hundred dollars." "Taxpayers filing

joint returns pursuant to [R.C. 5747.08] shall file joint declarations of estimated taxes."

*Id.*

{¶19}  R.C. 5747.09 does not specify how joint estimated tax payments are to be

allocated between spouses when they file separate tax returns, i.e., electing the tax

status of "married filing separately."

{¶20}  The Internal Revenue Service recognizes that spouses can allocate their

payments as they desire for federal income tax purposes.  IRS Pub. 505 (Rev. Feb.

2006), Separate Returns ("If you made joint estimated tax payments, you must decide

how to divide the payments between your returns.  One of you can claim all of the

estimated tax paid and the other none, or you can divide it in any other way you agree

on").

{¶21}  The Ohio Department of Taxation has similarly recognized that it will apply

the joint estimated tax payments in the amount requested by the spouses to their

separate tax returns:

> To address married taxpayers who remitted joint estimate payment
> vouchers but subsequently filed their tax returns utilizing the "married filing
> separately" status, ODT will apply the previous year credit carry forward
> and estimated payments to the first return posted through the
> department's computer system.  Routinely, a taxpayer counts on the
> previous year credit carry forward as the first quarter estimated payment
> for the subsequent tax year.  Because of this assumption, the previous
> year credit carry forward will always be the first payment applied to the
> first return processed through the ODT system.  This process will continue
> with available estimated payments *up to the amount requested on the
> estimated payment line* of the first return posted to the system.
>
> *If there are funds remaining that were not used to satisfy the amount
> requested on the estimated payment line of the first IT-1040 or the SD-100
> return to pass through the ODT system, any remaining amounts will be*

> *credited against the second spouse's "married filing separately" or*
> *"married filing jointly" return.*

(Emphasis added.)  IT 2006-01 (March 2006)

{¶22}  The department claims that it failed to allocate the estimated payment in the fashion requested by the Rambachers because its automated voucher system could not recognize their notations on the preprinted form.  This amounts to a concession that the department failed to follow its own procedures under IT 2006-01.  In spite of this implicit concession, the commissioner claims that any error was rendered moot by Mr. Rambacher's cashing of the refund check.  But as previously discussed, this case is not moot.  Moreover, the department could seek to recover the sum erroneously refunded to Mr. Rambacher for the 2006 tax year.

{¶23}  The BTA erred in determining that Mrs. Rambacher failed to provide sufficient information to support her appeal of the tax commissioner's assessment.  The record before the BTA included the Rambachers' tax payment vouchers and tax returns, which included their request that the tax department allocate $910 of their $1,400 joint estimated tax payment to Mrs. Rambacher's return.  This information is all that was needed to support her claim.

{¶24}  Therefore, the BTA's decision affirming the commissioner's determination assessing $1,097.47 in taxes, interest, and penalties against Mrs. Rambacher for the 2006 tax year is neither reasonable nor lawful.  Her first, second, and third assignments of error are sustained.

### C.  Remaining Assignments of Error

{¶25}  In light of our disposition of Mrs. Rambacher's first, second, and third assignments of error, her fourth, fifth, and sixth assignments of error, which challenge

the commissioner's failure to timely file a transcript of the record of the proceedings before him in the BTA and the BTA's denial of her request for reconsideration, are rendered moot.  App.R. 12(A)(1)(c).

## V.  CONCLUSION

**{¶26}**  Therefore, having sustained Mrs. Rambacher's first, second, and third assignments of error, we reverse the decision and order of the BTA and instruct the department to issue the refund she seeks, together with statutory interest.

JUDGMENT ACCORDINGLY.

## JUDGMENT ENTRY

It is ordered that the DECISION AND ORDER IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ohio Board of Tax Appeals to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**