**THE STATE EX REL. CINCINNATI ENQUIRER, DIVISION OF GANNETT SATELLITE INFORMATION NETWORK, INC., APPELLANT, *v.* DUPUIS, SOLICITOR, ET AL., APPELLEES.**

**[Cite as *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041.]**

*Public records — R.C. 149.43 — Mandamus sought to compel city of Cincinnati and its Solicitor to provide relator documents relating to the United States Department of Justice's investigation of the city's police department's practices and policies and a proposed settlement agreement — Court of appeals' denial of writ reversed and cause remanded for further proceedings — Trial preparation exemption inapplicable to settlement proposal — Relator entitled to attorney fees.*

(No. 2002-1038 — Submitted November 13, 2002 — Decided December 23, 2002.)

APPEAL from the Court of Appeals for Hamilton County, No. C-020179, 147 Ohio App.3d 561, 2002-Ohio-2883, 771 N.E.2d 340.

————————————

**Per Curiam.**

{¶1} Appellant, The Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc. ("Enquirer"), operates as The Cincinnati Enquirer, a newspaper of general circulation in appellee city of Cincinnati, Ohio. Appellee Fay Dupuis is the Cincinnati Solicitor and her official duties include responsibility for the custody of certain documents concerning legal matters involving Cincinnati.

{¶2} In April 2001, the United States Department of Justice ("DOJ") started an investigation into alleged patterns and practices of the Cincinnati Police

Department.  As that investigation proceeded, on March 7, 2002, the city received a proposed settlement agreement from the DOJ.  On that same date, Cincinnati Deputy Solicitor Pete Heile advised Greg Korte, a reporter for the Enquirer, that certain documents related to the investigation, including the proposed settlement agreement, were not disclosable.

{¶3}    By facsimile transmission dated March 8, 2002, Korte requested that Heile provide the Enquirer with the records they had talked about the previous day, including "a copy of the city's settlement with the U.S. Justice Department over its recent patterns and practices investigation, and any drafts, memos, correspondence, reports, notes, analyses, e-mails, annotations, appendices, attachments, or other documents related thereto."

{¶4}    On February 19, 2002, in *Tyehimba v. Cincinnati*, S.D. Ohio (W.D.) No. C-1-99-317, 2001 WL 1842470, United States District Court Judge Susan J. Dlott issued a protective order that governed "the parties during negotiations under the Order Establishing Collaborative Procedure."  Judge Dlott ordered that "all drafts of any terms for settlement, including correspondence and other documents related to said drafts, whether offered by the Special Master or by the parties, shall be deemed confidential and may not be released by any person receiving said document except to counsel and the parties in this case." The DOJ was not a party in the *Tyehimba* case.  By letter dated March 14, 2002, a confidentiality agreement among the *Tyehimba* parties was confirmed in which Cincinnati "agreed to release to the collaborative attorneys only, documents related to the proposed settlement between the city and the U.S. Department of Justice, including the draft settlement proposal itself."  The agreement by the *Tyehimba* parties concerned the use of certain materials submitted in the mediation of that case.

{¶5}    Appellees, Dupuis and Cincinnati, did not provide access to the requested records, including the DOJ's proposed settlement agreement.  On

2

March 14, 2002, the Enquirer filed a complaint in the Court of Appeals for Hamilton County for a writ of mandamus to compel Dupuis and the city to make the records available for inspection and copying in accordance with R.C. 149.43(B) and for an award of attorney fees. Dupuis and the city filed an answer, and the parties filed stipulated facts and memoranda. In their answer, Dupuis and the city contended that they had no duty to provide access to the proposed settlement agreement received from the DOJ because (1) the agreement was subject to Judge Dlott's protective order in *Tyehimba*, (2) disclosure of the proposal would violate Dupuis's professional duty not to disclose confidential attorney-client communications and attorney work product, (3) the proposal was a confidential law enforcement investigatory record, and (4) the federal Freedom of Information Act ("FOIA") prevented the city from disclosing the proposal.

{¶6} On June 14, 2002, the court of appeals, in a two-to-one decision, denied the writ. The court of appeals concluded that the proposed settlement agreement sent by the DOJ to Cincinnati constituted an exempt "trial preparation record" under R.C. 149.43(A)(4). 147 Ohio App.3d 561, 2002-Ohio-2883, 771 N.E.2d 340, at ¶ 4. This cause is now before the court upon the Enquirer's appeal as of right.

Mootness

{¶7} On appeal, Cincinnati and its Solicitor claim that the city voluntarily released the requested proposed settlement agreement after a final settlement agreement was approved by Cincinnati and the DOJ. According to appellees, this occurred before oral argument and the judgment of the court of appeals.

{¶8} In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot. *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 52, 689 N.E.2d 25; *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 392, 715 N.E.2d

179.  An event that causes a case to become moot may be proved by extrinsic evidence outside the record.  *State ex rel. Nelson v. Russo* (2000), 89 Ohio St.3d 227, 228, 729 N.E.2d 1181.

{¶9}  Appellees, however, offer no proof that they have provided this record aside from the bare unverified assertions in their appellate brief.  The Enquirer has not conceded that it has received the proposed settlement agreement, and the court of appeals never so found.  Furthermore, the Enquirer's claim of attorney fees would not be rendered moot by the provision of the requested record.  *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.

{¶10}  Based on the foregoing, we refuse to dismiss this appeal based on mootness.

Mandamus:  General Provisions

{¶11}  The Enquirer seeks a writ of mandamus to compel Cincinnati and its Solicitor to provide it with access to the requested proposed settlement agreement.  Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.  *State ex rel. Cincinnati Enquirer v. Krings* (2001), 93 Ohio St.3d 654, 657, 758 N.E.2d 1135.  "R.C. 149.43 must be construed liberally in favor of broad access to records kept by public offices, and any doubt is to be resolved in favor of disclosure of the records."  *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 433, 732 N.E.2d 960.  With these standards in mind, the Enquirer's claims are now considered.

R.C. 149.43 and 149.011(G):  Records

{¶12}  A "public record" includes "records kept by any public office." R.C. 149.43(A)(1).  R.C. 149.011(G) defines "[r]ecords" broadly to include "any document * * * created or received by * * * any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."  The

4

proposed settlement agreement requested by the Enquirer constituted a record for purposes of R.C. 149.43.  See R.C. 149.011(G).

{¶13} In its response to the Enquirer's claim in the court of appeals, Cincinnati admitted that it "did not produce the proposed settlement agreement to the Cincinnati Enquirer while settlement negotiations were proceeding between the City and the Department of Justice."  The city and its Solicitor note on appeal, and the court of appeals found, that the proposal was merely a step in the negotiation process between the city and the DOJ.  By so arguing, appellees in effect concede that they considered the proposal in the negotiation process concerning the investigation by the DOJ into the patterns and practices of the Cincinnati Police Department.

{¶14} Consequently, the requested DOJ proposal kept by appellees and used by them in attempting to reach a settlement in the DOJ investigation of the city's police department constituted a public record for purposes of R.C. 149.43(A)(1) and 149.011(G).

Trial-Preparation Record

{¶15} The court of appeals recognized that an agreement settling a lawsuit in which a public office is a party is generally a public record subject to disclosure under R.C. 149.43.  *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 136, 684 N.E.2d 1222; *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App.3d 170, 601 N.E.2d 173.

{¶16} Nevertheless, the court of appeals determined that the proposed settlement agreement was exempt from disclosure as a trial-preparation record.  R.C. 149.43(A)(1)(g).  "[E]xceptions to disclosure must be strictly construed against the public records custodian, and the custodian bears the burden to establish the applicability of an exception."  *State ex rel. Besser v. Ohio State Univ.* (2000), 89 Ohio St.3d 396, 398, 732 N.E.2d 373.

**{¶17}** The court of appeals erred in so concluding. As the appellate court in *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App.3d 659, 663, 582 N.E.2d 653, observed in rejecting a comparable argument concerning the applicability of the trial-preparation exemption to a settlement agreement:

**{¶18}** "A settlement agreement is not a record compiled in anticipation of or in defense of a lawsuit. It simply does not prepare one for trial. A settlement agreement is a contract negotiated with the opposing party to prevent or conclude litigation."

**{¶19}** Similarly, a settlement proposal received by a public office is not a record compiled in anticipation of or in defense against a lawsuit. It is simply an offer intended to prevent or conclude litigation.

**{¶20}** Moreover, we have consistently held that "[e]ven if a record is not in final form, it may still constitute a 'record' for purposes of R.C. 149.43 if it documents the organization, policies, functions, decisions, procedures, operations, or other activities of a public office." See *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 232, 729 N.E.2d 1182, and cases cited therein. The court of appeals found that the settlement proposal constituted a step in the negotiation process. Consequently, the city and its Solicitor considered the proposal, and it documents their policies and decisions.

**{¶21}** There is no specific exemption for documents provided to a public office to negotiate the settlement of a potential lawsuit or for settlement proposals before a final settlement agreement is reached. If the General Assembly had so intended, it would have specifically provided such an exemption. Cf., e.g., Mo. Stat. 610.021(1) (settlement agreement not subject to disclosure prior to final disposition). Although there may be good policy reasons to exempt settlement proposals, these policy considerations cannot override R.C. 149.43, because the General Assembly is the ultimate arbiter of public policy. *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters v.*

*Jenkins*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, at ¶ 12; *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 28-29, 661 N.E.2d 180. Public offices "cannot withhold public records simply because they disagree with the policies behind the law permitting the release of these records." *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, at ¶ 54.

**{¶22}** In fact, as the *Tyehimba* parties' confidentiality agreement establishes, appellees agreed to voluntarily disclose the DOJ's settlement proposal to the opposing parties in *Tyehimba*. Voluntarily disclosing the requested record can waive any right to claim an exemption to disclosure. See *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81; *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 265, 685 N.E.2d 1223.

**{¶23}** Therefore, the trial-preparation exemption is inapplicable to the requested settlement proposal.

Protective Order and Confidentiality Agreement

**{¶24}** The city and its Solicitor assert that the DOJ's settlement proposal is also exempt because of Judge Dlott's protective order in *Tyehimba* and the parties' confidentiality agreement in that case.

**{¶25}** Under R.C. 149.43(A)(1)(v), public records do not include "[r]ecords the release of which is prohibited by state or federal law."

**{¶26}** Here, however, the protective order does not apply to the DOJ's settlement proposal. The DOJ was not a party to the *Tyehimba* litigation.

**{¶27}** Moreover, the confidentiality agreement was executed *after* the Enquirer's request for access to the proposal. And no contract or promises of confidentiality altered the public nature of the proposal. See *State ex rel. Gannett Satellite Info. Network, Inc. v. Shirey* (1997), 78 Ohio St.3d 400, 403, 678 N.E.2d 557; *State ex rel. Dispatch Printing Co. v. Columbus* (2000), 90 Ohio St.3d 39, 42, 734 N.E.2d 797.

{¶28} Therefore, neither the protective order nor the confidentiality agreement precluded disclosure of the settlement proposal.

### Canons of Code of Professional Responsibility

{¶29} Appellees also claim that various Canons of the Code of Professional Responsibility prevented the Solicitor from disclosing the settlement proposal. But they did not meet their burden of establishing that any of the specified canons exempted the record from R.C. 149.43. There is nothing in the record proving that disclosure of the requested record would expose the confidences and secrets of the city, would inhibit the Solicitor's exercise of independent professional judgment on behalf of the city, or would affect the Solicitor's zealous representation of the city within the bounds of the law. See Canons 4, 5, and 7, Code of Professional Responsibility.

### Confidential Law Enforcement Investigatory Record

{¶30} Appellees contend that the DOJ settlement proposal is exempt from disclosure because it is a confidential law enforcement investigatory record under R.C. 149.43(A)(2)(c). This statute exempts the disclosure of certain records where their release would create a high probability of disclosure of specific confidential investigatory techniques or procedures or specific investigatory work product.

{¶31} This exemption is inapplicable here. As noted previously, appellees' voluntary disclosure of the settlement proposal could waive any exemptions. *Zuern*, 56 Ohio St.3d at 22, 564 N.E.2d 81. In addition, the proposal was not exempt investigatory work product; it was not prepared in anticipation of litigation. Cf. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 434, 639 N.E.2d 83.

### FOIA

{¶32} Appellees finally claim that FOIA precluded disclosure of the DOJ settlement agreement. Like their other claimed exemptions, this claim is

8

meritless. FOIA does not apply to nonfederal agencies or officers. Sections 551(1) and 552(f), Title 5, U.S.Code; *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 582, 669 N.E.2d 835; *State ex rel. Warren v. Warner* (1999), 84 Ohio St.3d 432, 433, 704 N.E.2d 1228.

### Attorney Fees

{¶33} The Enquirer is also entitled to attorney fees. It has established a sufficient public benefit. The proposed settlement of the DOJ's investigation into the practices and policies of the Cincinnati Police Department was a matter of great public interest. The Enquirer's access to the requested record would enable it to provide complete and accurate news to the public. See *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 58, 741 N.E.2d 511. And the city's and its Solicitor's claimed exemptions lacked any reasonable basis, particularly when they agreed to voluntarily disclose the proposal to other parties in the *Tyehimba* litigation.

### Conclusion

{¶34} Based on the foregoing, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings consistent with our opinion. The Enquirer has established entitlement to the writ of mandamus and an award of attorney fees.

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

DOUGLAS, J., not participating.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶35}** I respectfully dissent from the majority's decision, particularly its finding that the proposed agreement, the object of the mandamus action, has not yet been provided.

**{¶36}** Appellees state that the city *has* provided the requested proposed settlement agreement and did so before oral argument in the court of appeals and before the judgment of the court of appeals was issued. However, the majority denies dismissal for mootness because the majority finds that the appellees offered no "proof" that the city provided the proposed settlement agreement and the Enquirer "has not conceded" that it received the proposed agreement.

**{¶37}** The majority's finding is completely contrary to the concessions in the merit briefs. The city, in its merit brief, states, beginning on the first line of the very first paragraph of its statement of facts:

**{¶38}** "Respondents/Appellees ('the City of Cincinnati' or 'the City') supplement the statement of facts. In fact, and as admitted by the Enquirer at the oral argument before the Court of Appeals, the City provided the requested proposed settlement agreement to the Enquirer after the final settlement agreement had been executed by the City, the United States Department of Justice, and the parties to the federal court case *Tyehimba v. City of Cincinnati, et al.*, Case No. C-1-99-317, 2001 WL 1842470 (Southern District of Ohio) (renamed *In re Cincinnati Policing*). Insofar as the Enquirer filed suit to obtain that particular document, that claim is moot."

**{¶39}** The Enquirer in its reply brief, in the first line of the first paragraph of its statement of facts, concedes:

**{¶40}** "Respondents Dupuis and the City of Cincinnati (the 'City') do not dispute the facts set out in the Enquirer's brief."

**{¶41}** The Enquirer contends only that the document was not produced upon its *initial* request, a point no one disputes. The court of appeals simply ignored these contentions, and it certainly made no opposite conclusion. For this

court to make a contrary finding flies in the face of both statements of facts, the admissions by the parties, and the general rule of law concerning admissions by parties. We have never required a party to provide proof on an issue that is *admitted*. Of course the city provided no additional proof. It had no idea our court would require such an unprecedented step. The current request for mandamus is moot because both parties *admit* that the document has been provided.

**{¶42}** That said, I agree with the majority's grant of attorney fees, but only for the fees accrued up to the date that the document was actually provided, because, for the reasons stated in the majority's opinion, the document should have been released upon the Enquirer's initial request.

**{¶43}** Therefore, I would dismiss the request for mandamus as moot but would award attorney fees up to the date that the city released the requested document to the Enquirer.

**{¶44}** Therefore, I respectfully dissent.

_____

Graydon, Head & Ritchey, L.L.P., John C. Greiner and John A. Flanagan, for appellant.

Julia L. McNeil, Cincinnati City Solicitor, and Richard Ganulin, Assistant City Solicitor, for appellees.

_____