O’Donnell, J.,
concurring.
{¶ 50} I agree with the majority that the personally identifiable information of students of the Springfield City School District (“Springfield” or “the district”) whose parents have provided written consent to disclose that information is a public record subject to disclosure pursuant to R.C. 149.43, that School Choice Ohio, Inc. (“School Choice”) failed to prove its mandamus claim premised on R.C. 3319.321(B)(2)(a), that School Choice did not establish a clear legal right to compel Springfield to amend its student information policy, and that School Choice is entitled to statutory damages, costs, and attorney fees. However, in my view, the reason that R.C. 3319.321(B)(2)(a) does not apply is because it precludes a school district board of education from imposing “any restriction on the presentation of directory information that it has designated as subject to release in accordance with the ‘Family Educational Rights and Privacy Act of 1974,’ 88 Stat. 571, 20 U.S.C. 1232q [sic, 1232g], as amended” to representatives of certain entities and Springfield had not so designated the information at issue.
*269 {¶ 51} Instead of following the procedure set forth in 20 U.S.C. 1232g(a)(5)(B) to make directory information available to the public, i.e., designating categories of public directory information, giving public notice of the categories of information so designated, and giving parents a reasonable time to opt out and inform the district that any or all of the designated information should not be released without prior parental consent, Springfield created a policy whereby certain categories of student information could, with prior written parental consent, be disclosed to third parties “for purposes approved by the Superintendent or his designee.” One approved purpose was the release of information to partnering “community leaders, community organizations, and school-related organizations” involved in “educational, health, service, or other non-profit programs which may provide a benefit to the students of the District.”
{¶ 52} The majority aptly observes that
as a nonprofit organization whose mission is to inform parents about the full range of educational opportunities available to students in Ohio, School Choice easily fits the description of a community or school-related organization involved in an educational or other nonprofit program that could provide a benefit to the students of Springfield.
Majority opinion at ¶ 27. Nonetheless, the superintendent exercised his discretion to deny the request of School Choice for student information even though he granted requests made by other entities, such as Clark State Community College, Springfield Christian Youth Ministries, Global Impact STEM Academy, the Clark County Combined Health District, Jostens, Inc., and the Miami Valley Educational Computer Association.
{¶ 53} “ ‘An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude.’ ” State ex rel. Greene v. Montgomery Cty. Bd. of Elections, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶ 12, quoting State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections, 80 Ohio St.3d 302, 305, 686 N.E.2d 238 (1997).
{¶ 54} Here, the superintendent had no rational basis for treating School Choice differently than the entities to which he released student information. According to the superintendent, the district had no partnership with School Choice whereby it could be certain that School Choice “would include any of the opportunities offered by Springfield in the information it disseminated to students” or “ensur[e] the accuracy of the information dispensed.” However, the district cannot ensure the accuracy of information dispensed to students by any outside organization, and the policy created by Springfield focuses on the possible benefit to the students from the release of their personal information — not the *270 benefit to the district. Accordingly, in my view, the superintendent acted unreasonably and abused his discretion when he denied the request of School Choice.
McDonald Hopkins, L.L.C., David T. Movius, Matthew J. Cavanagh, and Mark J. Masterson, for relator.
Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, and Scott A. Sollmann; and Martin, Browne, Hull & Harper, P.L.L., and Karen W. Osborn, for respondent.
Isaac, Wiles, Burkholder & Teetor, L.L.C., Mark Landes, and Mark H. Troutman, urging denial of the writ for amici curiae Ohio School Boards Association, Buckeye Association of School Administrators, and Ohio Association of School Business Officials.
{¶ 55} Moreover, the superintendent’s release of student information to other entities operated as a waiver of the right to claim that the information was excepted from disclosure pursuant to the public records law. See State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network, Inc. v. Dupuis, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 22 (“Voluntarily disclosing the requested record can waive any right to claim an exemption to disclosure”). School Choice is therefore entitled to the student information pursuant to the Public Records Act.
French, J., concurs in the foregoing opinion.