[Cite as *Hinners v. Huron*, 2018-Ohio-3652.]

| | |
|---|---|
| JASON R. HINNERS | Case No. 2018-00549PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF HURON | |
| Respondent | |

**{¶1}** On February 12, 2018, requester Jason Hinners made a public records request to respondent City of Huron for a variety of documents. (Complaint, Exhibit A.) From March 2 through March 19, 2018, the City provided all documents responsive to the requests except two employee calendars, and twenty-one email chains withheld in whole or part on the assertion of attorney-client privilege. (*Id.*, Exhibits G, I, K.)

**{¶2}** On March 27, 2018, Hinners filed this action under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). The case was referred to mediation, during which the City produced all records responsive to the request for calendars. (Reply at 1; Response at 4.) On May 29, 2018, the court was notified that the case was not fully resolved and that mediation was terminated. On June 12, 2018, the City filed its combined answer and motion to dismiss (Response). On July 26, 2018, the City filed a pleading identifying the specific portions of five withheld and redacted emails alleged to constitute attorney-client privileged material, and waived the privilege as to the remaining withheld emails. The City has filed the redacted and withheld emails with the court under seal.

**{¶3}** Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system."

*State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. "[O]ne of the salutary purposes of the Public Records Law is to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim*, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997). Therefore, "[w]e construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**Motion to Dismiss**

{¶4} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

{¶5} Hinners' complaint seeks only records withheld from release, and not enforcement of the entire original request. The defenses presented by the City - assertion of common-law attorney-client privilege, and mootness by production of some of the withheld records prior to this report and recommendation - cannot be determined based solely on the complaint and attachments thereto. I therefore recommend that the motion to dismiss be DENIED, and the matter determined on the merits.

**Suggestion of Mootness**

{¶6} The parties agree that Hinners' request for employee calendars was satisfied by the City's delivery of the records during mediation. The claim for production

of calendars is therefore moot. The parties also agree that one of the emails originally identified and withheld is not responsive to the initial request. (Reply, Exhibit A, lines 7, 9.) The City further states that it has now released fourteen of the previously withheld emails. (July 26, 2018 Response at 3.) The claims for these emails are therefore moot, subject to objection by Hinners if delivery has not been received.

**Attorney-Client Privilege**

{¶7} R.C. 149.43(A)(1) enumerates specific exceptions from the definition of "public record," including a catch-all exception for, "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of these records." *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 22. The City argues that the common-law attorney-client privilege applies to the remaining withheld records.

The burden is on the public office to prove any claimed exception:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus; *State ex rel. Pietrangelo v. Avon Lake,* 146 Ohio St.3d 292, 2016-Ohio-2974, ¶ 9. The party asserting attorney-client privilege bears the burden of showing the applicability of the privilege. *MA Equip. Leasing I, LLC v. Tilton*, 2012-Ohio-4668, 980 N.E.2d 1072, ¶ 21 (10th Dist.). The common-law attorney-client privilege is defined in Ohio as follows:

> "Under the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the

client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'"

(Citations omitted.) *State ex rel. Leslie v. Ohio Housing Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508*,* 824 N.E.2d 990, ¶ 21. The attorney-client privilege extends to government agencies (including their administrative personnel) consulting with in-house counsel for legal advice or assistance. *Id.* at ¶ 22-30. The rank of employees providing information is irrelevant if information is consciously communicated to legal counsel for the purpose of providing legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). A communication is not subject to the privilege merely because it was sent to or from an agency's legal counsel, but must meet all of the other elements of the definition. The test is not whether counsel was the primary sender or recipient, as opposed to being copied on the correspondence, but whether the investigation communication was "incident to or related to any legal advice" that the attorney would give in the matter. *Toledo Blade* at ¶ 29-31.

{¶8} An in-camera inspection of withheld records may be necessary for the court to evaluate application of the privilege, *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 21-23, and has been conducted here.

**Application of Attorney-Client Privilege to the Withheld Records**

{¶9} The five remaining emails withheld in this matter consist of correspondence between:

- Laura Alkire, Huron City Law Director,
- Andrew White, Huron City Manager (and assistant city managers),
- Dennis Burnside, President, Juniper CRE (and staff) – contracted as consultant on behalf of the City for economic development strategy and real estate research and advice. (Response, Exhibit A, authorized agreement with Juniper CRE Solutions; June 25, 2018 Response to Requested Information, White Aff. at ¶ 2-3.) Burnside acted as an agent on behalf of the City in

exploring purchase of Warren Slag Co. land. (Withheld Records at Bates No. 027.), and,

- Glen Ginesi, City Council Member.

(July 25, 2018 Response to Requested Information, *passim.*) For purposes of this analysis, the special master finds that the above correspondents were all in privity with the City of Huron, and were not independent third parties.

{¶10} On review of the withheld records *in camera*, none of the emails contain language expressly requesting, or delivering, legal advice on an identified legal issue. Other than bare assertions in the pleadings that the withheld emails "seek legal advice" or are "privileged under attorney-client privilege," the City provides no other evidence that the correspondence expressly or implicitly involved legal review. This general assertion does not meet the burden of proving the elements of attorney-client privilege. Rather,

> The claim of privilege must be made question-by-question and document-by-document.
>
> **Factual showing needed to demonstrate that a communications [sic] is privileged**. Conclusory descriptions of documents in a privilege log are insufficient to meet the producing party's burden of establishing that the document was an attorney-client communication. *In re Search Warrant Executed at Law Offices of Stephen Garea*, 1999 U.S. App. LEXIS 3861, 1999 WL 137499, *1-*2 (6th Cir. March 5, 1999). The party asserting privilege "must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for which advice was sought." *Id.* That showing "must provide the reviewing court with enough information for it to make a determination that the document in question was, in fact, a confidential communication involving legal advice." 1999 U.S. App. LEXIS 3861, [WL] *2.

*Williams v. Duke Energy Corp.*, S.D.Ohio No. 1:08-CV-00046, 2014 U.S. Dist. LEXIS 109835, *14-15 (August 8, 2014). *See Williamson v. Recovery Ltd. P'ship*, S.D.Ohio No. 2:06-CV-292, 2016 U.S. Dist. LEXIS 125640, *8-10 (September 15, 2016) (proponent made only conclusory statements, rather than an actual showing, that the

attorney-client privilege applied to the subpoenaed documents).[1] The City fails to make a minimal showing that any of the withheld communications actually involved legal advice. The City submitted the affidavit of City Manager Andrew White, who, rather than attest to the nature of any specific legal issue on which advice was sought in specific communications from Law Director Alkire in her capacity as such, states only that:

> The City of Huron utilizes in-house legal counsel by and through the Law Director to advise City employees and representatives on matters of real estate acquisition, negotiation and development.

(White Affidavit at ¶ 5.) The court recognizes that the City may utilize professional staff to assist in policy, negotiation, or other business decisions that do not directly involve their professional services. *See Williams v. Duke Energy* at *15-16. However, communications to a lawyer primarily for business purposes are not privileged. *Id.* at *8. Here, the general statement that an attorney is "utilized" "to advise" "on matters of real estate acquisition, negotiation and development" falls short of clear proof that the attorney was providing *legal* advice in any particular correspondence related to those matters.

Applying the above law to the withheld records in this case:

### 1. Withheld Records at Bates number 009:

Email Subject: ATTORNEY CLIENT PRIVILEGED
Date: Wednesday, August 23, 2017@ 9:48:25 AM
From: Laura Alkire (City of Huron Law Director)
To: Andy White (City Manager, City of Huron), (Juniper Solutions/Economic Development Consultant, City of Huron), Mike Spafford (Assistant to the City Manager, City of Huron)
Attachments: Purchase Agreement_ rev LA 8222017 .docx, Assignment of Farm Lease.docx

---

[1] There is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege. *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D.Ohio 1993), fn.3; *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, S.D.Ohio No. 2:07-CV-116, 2012 U.S. Dist. LEXIS 121830 (August 28, 2012).

>Respondent contends that this email is privileged under attorney-client privilege. The body of the email consists of one paragraph, three lines long. The email represents correspondence from legal counsel to her clients and discusses a draft real estate purchase agreement to which the City of Huron was a party. The email includes terms and conditions of the sale.

(July 26, 2018 Response to Requested Information at 5-6.) The email is a cover letter conveying attached draft documents from the sender to the recipients. The attachments are not included in the City's filing under seal. The email does not contain any legal advice, but merely relates the fact that two requested revisions were made in a draft real estate purchase agreement. There is no indication that the email was sent from Alkire in her capacity as a legal adviser. The communication on its face reflects only the factual revision of monetary terms in the course of a contract negotiation, and the City has submitted no collateral evidence that would permit the court to construe the email as addressing any legal issue or relating to the provision of legal advice.

{¶11} Draft agreements are not inherently confidential. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 232, 729 N.E.2d 1182 (2000); *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 130, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 20-21. The City does not allege any exception to release of the two agreement terms referenced in the email, other than attorney-client privilege.

{¶12} I find that the City has failed to meet its burden of showing that any portion of this email falls squarely within the common-law attorney-client privilege.

### 2. Withheld Records at Bates number 010, 023-024:

Email Subject: ATTORNEY CLIENT PRIVILEGED COMMUNICATION
Date: Thursday, October 12, 2017 at 4:06:51 PM
From: Laura Alkire (City of Huron Law Director)
To: Andy White (City Manager, City of Huron), Dennis Burnside (Juniper Solutions/Economic Development Consultant, City of Huron)
Attachments: MEMORANDUM OF UNDERSTANDING.docx

Respondent contends that this email is privileged under attorney-client privilege. The email represents correspondence from legal counsel to her

> clients and discusses a draft Memorandum of Understanding for real estate acquisition to which the City of Huron was a party. The body of the email consists of three paragraphs. Each paragraph represents legal advisement and discussion of the individual terms. Respondent represents to this Court that each paragraph, and each line, with the exception of Good afternoon represents an attorney-client privileged communication.

(July 26, 2018 Response to Requested Information at 5-6.) The email is a cover letter conveying an attached draft memorandum of understanding from the sender to the recipients. The attachment is not included in the City's filing under seal. The email does not contain any legal advice, but merely offers the draft memorandum for the recipients' review and markup. There is no indication that the email was sent from Alkire in her capacity as a legal adviser. The communication on its face reflects only the conveyance of the draft, invitation for markup, and flagging of several terms in the draft. The City has submitted no collateral evidence that would permit the court to construe the email as addressing any legal issue or relating to the provision of legal advice.

{¶13} Draft agreements are not inherently confidential. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 232, 729 N.E.2d 1182 (2000); *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 130, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 20-21. Nor does the City allege any other exception applicable to the draft agreement or its specific terms.

{¶14} I find that the City has failed to meet its burden of showing that any portion of this email falls squarely within the common-law attorney-client privilege.

### 3. Withheld Records at Bates number 012:

Email Subject: Warren Slag
Date: Tuesday, January 23, 2018 at 1:14:27 PM
From: Dennis Burnside (Juniper Solutions/Economic Development Consultant, City of Huron)
To: Andy White (City Manager, City of Huron), Laura Alkire (City of Huron Law Director), Mike Spafford (Assistant to the City Manager, City of Huron)

> CC: Scott Pollock (Juniper Solutions/Economic Development Consultant, City of Huron) Donny Davis (Juniper Solutions/Economic Development Consultant, City of Huron)
> Attachments: imageOOl.gif, image002.gif
>
> The email was previously withheld by Respondent on the basis of attorney-client privilege. Dennis Burnside of Juniper Solutions while under contract as the Economic Development Consultant for the City of Huron identified a potential real estate opportunity and set forth four specific bulleted questions for the City Manager and City Law Director to answer. For purposes of identification, Respondent contends that the first sentence, and subsequent six bullets do not meet the standard of attorney-client privilege. The remaining portion of the email, commencing with "Questions for you:" and the subsequent four bullets are clearly requesting legal opinion from the City Law Director and therefore meet the standard of attorney-client privilege. Respondent requests this portion of the email be redacted prior to release.

(July 26, 2018 Response to Requested Information at 6-7.) The email, from an agent of the City of Huron, starts with the salutation "All" and first conveys six bullet-pointed positions of the advisor regarding the prospective sellers of property holdings. The City concedes that this portion is not an attorney-client communication.

{¶15} The email continues with "Questions for you" regarding financing, valuation, and timing and packaging strategy. There is no indication that these questions were directed to Alkire in her capacity as a legal adviser. The communication to "All," including the city manager and his assistant, invites decisions, confirmation, and consideration of strategy that are not couched in terms of seeking a legal opinion or advice, and do not appear to invoke any legal issue. The City has submitted no collateral evidence that would permit the court to construe the email as pertaining to the provision of legal advice.

{¶16} I find that the City has failed to meet its burden of showing that any portion of this email falls squarely within the common-law attorney-client privilege.

### 4. Withheld Records at Bates number 023:

> Email    Subject:    RE:    ATTORNEY    CLIENT    PRIVILEGED
> COMMUNICATION
> Date: Friday, October 13, 2017 at 11 :31 :07 AM
> From: Dennis Burnside (Juniper Solutions/Economic Development
> Consultant, City of Huron)
> To: Laura Alkire (City of Huron Law Director), Andy White (City Manager,
> City of Huron)
> Attachments: iamgeOO 1.gif, image002.gif
>
> Respondent contends that this email is privileged under attorney-client
> privilege. The email represents correspondence from Dennis Burnside,
> Economic Development Consultant to the City of Huron to Law Director
> Laura Alkire and City Manager Andy White. The body of the email is
> directed to the City Law Director.
>
> Line One: Respondent does not assert attorney-client privilege for Line
> One.
> Line Two: Respondent does not assert attorney-client privilege for Line
> Two
> Line Three: Respondent does not assert attorney-client privilege for Line
> Three.
> First Bulleted Item: Respondent asserts attorney-client privilege for the
> three sentences in the first bullet as it asks a question and seeks legal
> opinion.
> Second Bulleted Item: Respondent asserts attorney-client privilege for the
> two sentences in the second bullet as it asks a question and seeks legal
> opinion.
> Third Bulleted Item: Respondent asserts attorney-client privilege for the
> one sentence in the third bullet as it asks a question and seeks legal
> opinion.
> Fourth Bulleted Item: Respondent asserts attorney-client privilege for the
> two sentences in the fourth bullet as it asks a question and seeks legal
> opinion.
> Fifth Bulleted Item: Respondent asserts attorney-client privilege for the
> one sentence in the fifth bullet as it addresses legal advice given in the
> preceding email.
> Line Four following the bulleted items: Respondent does not assert
> attorney-client privilege for Line Four.

(July 26, 2018 Response to Requested Information at 10.) The email, from an agent of

the City of Huron, begins with the salutation "Hi Laura," conveys approval of the MOU,

relates that he conveyed comments to Mr. White earlier, and concludes with his feelings regarding his suggesting changes. The City concedes that these portions of the email are not attorney-client communication.

{¶17} The middle of the email consists of five bullet-pointed items, the first three of which ask whether references to factual matters, ownership options, and proposed timing terms should be made. The last two items ask if certain documents related to valuation should be requested, and recommends addition of a particular property description. There is no indication that these questions were directed to Alkire in her capacity as a legal adviser, nor, despite the salutation, do the questions and recommendations appear to be directed solely to Alkire. The communication concerns negotiation of specific contract terms. The email is not couched in terms of seeking a legal opinion or advice, and the questions/recommendation not appear to invoke any legal issue. The City has submitted no collateral evidence that would permit the court to construe the email as addressing any legal issue or relating to the provision of legal advice.

{¶18} I find that the City has failed to meet its burden of showing that any portion of this email falls squarely within the common-law attorney-client privilege.

### 5. Withheld Records at Bates number 037:

From: City Manager Andy White
Date: October 16, 2017 at 4:05 PM
To: Law Director Laura Alkire
Cc: Dennis Burnside (Juniper Solutions/Economic Development Consultant, City of Huron)
Subject: FW: weekly call

Respondent asserts that the five bulleted items identified by a current city council member to the City Manager and then forwarded to the City Law Director for review are protected by attorney-client privilege. Each of the five points represent an item seeking legal review. Respondent contends that the five bulleted items identified in the email should remain redacted as protected under attorney-client privilege.

(July 26, 2018 Response to Requested Information at 10.) The email attaches an earlier, October 13, 2017 email from the city manager to an individual city councilman that relates six bullet-pointed matters "we" reviewed during a "weekly call." The names and titles of attendees of the weekly call are not identified. The fifth bullet-pointed item states "Reviewed MOU draft prepared by Laura, main issues to readdress:" and then sub-lists five issues, three of which are quantified changes to MOU terms, and two of which request or command the addition of described terms. White's October 16, 2017 email forwarded the October 13, 2017 email to Alkire with the request, "Please review and incorporate changes." With the exception of the five sub-listed items, the October 13 and October 15, 2017 emails were released to Hinners, and included a subsequent email in the same chain on October 17, 2017 from Alkire, asking White and Burnside to "Please review the highlighted portions as changes," and a reply from Burnside to Alkire on the same date stating "Laura- perfect by my standards." (Complaint, Exhibit I.)

{¶19} There is no indication that the listed "issues" were directed to Alkire in her capacity as a legal adviser. The communication appears to be a straightforward request to Alkire to incorporate changes decided elsewhere into the draft MOU. Neither email is couched in terms of seeking a legal opinion or advice, and the questions/recommendation not appear to invoke any legal issue. The City has submitted no collateral evidence that would permit the court to construe the email as addressing any legal issue or relating to the provision of legal advice.

{¶20} I find that the City has failed to meet its burden of showing that any portion of this email falls squarely within the common-law attorney-client privilege.

**"Non-Responsive" Records**

{¶21} In its July 26, 2018 pleading the City asserts, for the first time, that specific emails within the withheld email strings are non-responsive to Hinners' request and therefore need not be produced as part of this action. (July 26, 2018 Response to

Requested Information at 9, 11, 13; Withheld Records at Bates Nos. 18-21, 27-29, 31-35.) On review of the email strings *in camera*, I find that all of the emails now claimed to be non-responsive were included in the most recent email of each chain using either a forwarding or reply command. All reflect the same subject matter line language as the most recent email in each chain (where present). Two of the concluding emails state "See attached" or "See email" in apparent reference to the included email chain as well as any file attachment. (Withheld Records at Bates Nos. 18, 28.) I conclude that none of the emails included in the chains of requested emails is "non-responsive" to the requests, but was included by the sender as part of the concluding email.

{¶22} I find that this belated defense cannot serve as an exception or exemption to the release of records previously identified by respondent as retrieved in response to the request.[2]

**Conclusion**

{¶23} Accordingly, I recommend that the court find that the claims in this action are MOOT as to the records provided to requester prior to the issuance of this report and recommendation. I further recommend the court issue an order GRANTING requester's claim for production of all remaining withheld records. I recommend that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

{¶24} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with*

---

[2] As a practical matter, even if any of the withheld records were to be found non-responsive to the original request, they would be subject to a new public records request using the identifying information in respondent's pleadings. Further, at the conclusion of this litigation and any appeals, at the latest, those sealed records not determined to be subject to attorney-client privilege will become subject to a motion to request access. Sup.R. 45(F).

*particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed August 6, 2018**
**Sent to S.C. Reporter 9/10/18**