[Cite as *Nemitz v. Nemitz*, 2019-Ohio-306.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STEFANIE L. NEMITZ | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28040 |
| | : | |
| v. | : | Trial Court Case No. 2014-DR-00298 |
| | : | |
| DONALD D. NEMITZ | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . . .

H. CHARLES WAGNER, Atty. Reg. No. 0031050, 424 Patterson Road, Dayton, Ohio 45419
        Attorney for Plaintiff-Appellee

CHARLES D. LOWE, Atty. Reg. No. 0033209, 8087 Washington Village Drive, Suite 102, Dayton, Ohio 45458
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Donald Nemitz appeals from a post-divorce judgment, which found him in contempt for failing to comply with a provision of the divorce decree requiring him to pay his ex-wife, Stefanie Nemitz, her share of the equity in the marital home. He also appeals the judgment insofar as it modified his parenting time and ordered him to execute a qualified domestic relations order (QDRO) for the division of his 401(k) retirement plan.

{¶ 2} We conclude that Mr. Nemitz's assignment of error regarding the contempt finding resulting from his failure to pay Ms. Nemitz her share of the equity in the marital residence is moot. We further conclude that the trial court did not abuse its discretion in modifying parenting time. However, from our review of the record, we conclude that the trial court abused its discretion regarding the ordered division of Mr. Nemitz's retirement plan.

{¶ 3} Accordingly, the judgment of the trial court will be affirmed in part, reversed in part, and remanded to the trial court for further proceedings.

## I.     Facts and Procedural History

{¶ 4} The parties were married in 2007 and have three minor children. In August 2014, the trial court filed a final judgment and decree of divorce and a final judgment and decree of shared parenting, which approved a shared parenting plan entered into by the parties for the care of their minor children. The plan provided that both parents would share the permanent custody, care, maintenance and control of their minor children and would have equal rights and responsibilities. The plan also provided that Ms. Nemitz

would exercise parenting time on Mondays and Thursdays, that Mr. Nemitz would exercise parenting time on Tuesdays and Wednesdays, and that they would alternate weekend parenting time. Ms. Nemitz's residence was designated as the legal residence of the minor children for purposes of school placement.

{¶ 5} The divorce decree provided that Mr. Nemitz would have exclusive use and ownership of the marital property located at 2948 Robin Road in Kettering. The decree required Mr. Nemitz to have an appraisal of the home performed, following which Mr. Nemitz would pay Ms. Nemitz one-half of the equity in the home. The decree stated that if Mr. Nemitz did not want to keep the home, or if he could not afford to pay Ms. Nemitz her share of the equity, the house would be sold.

{¶ 6} Finally, the decree provided that the parties would equally divide the marital portion of their respective 401(k) retirement accounts accrued during the term of the marriage.

{¶ 7} In March 2017, Ms. Nemitz filed a motion to show cause, seeking to find Mr. Nemitz in contempt for failing to reimburse her for her share of the home equity and for failing to execute a QDRO regarding his 401(k) retirement plan. Ms. Nemitz also filed a motion to terminate the shared parenting plan. A guardian ad litem (GAL) was appointed.

{¶ 8} A hearing was conducted in August 2017, at which time the GAL recommended that Mr. Nemitz exercise parenting time from Friday after school until Tuesday morning on alternating weeks. The magistrate noted that both parties agreed to the GAL recommendation but that Mr. Nemitz wished to extend his parenting to include Thursdays after school. Thus, the magistrate's decision provided that the shared

parenting agreement would not be terminated, but would be modified to provide that during the school year Mr. Nemitz's parenting time would occur on alternating weeks beginning Thursday after school and ending on Tuesday morning.

{¶ 9} Turning to the marital home, the evidence indicated that the home had been appraised and assigned a value of $130,000. The evidence also indicated that the mortgage indebtedness at the time of the appraisal was $92,000. The record demonstrates that, at the time of the hearing, Mr. Nemitz had not sold the home or paid Ms. Nemitz her share of the equity. The magistrate found that the equity in the home, at the time of the appraisal, was $28,000 and that Mr. Nemitz should have paid Ms. Nemitz the sum of $14,000. The magistrate found Mr. Nemitz in contempt for failing to do so.

{¶ 10} Finally, the magistrate found that the parties had failed to cooperate with one another concerning the division of their retirement accounts as provided for in the decree. The magistrate noted that Ms. Nemitz had withdrawn monies from her 401(k) account prior to executing her QDRO, and that Mr. Nemitz believed these withdrawals should be taken into account in order to equalize the account division. The magistrate denied Ms. Nemitz's motion to hold Mr. Nemitz in contempt, but made no other ruling regarding the division of Mr. Nemitz's account.

{¶ 11} Both parties filed objections to the magistrate's decision.

{¶ 12} The trial court rendered a judgment on May 29, 2018. As to the issue of parenting time, the trial court noted that both parties had accepted the recommendation of the GAL regarding the modification of the shared parenting plan and that, contrary to Mr. Nemitz's claim, Ms. Nemitz did not agree to add an additional day to Mr. Nemitz's parenting time. The trial court thus held that the magistrate properly agreed to modify

the shared parenting plan as to parenting time; however, the trial court ordered that Mr. Nemitz's parenting time would be limited to visitation every other week from Friday after school until Tuesday morning in accordance with the recommendation of the GAL.

**{¶ 13}** The trial court further found that Mr. Nemitz had failed to comply with the terms of the divorce decree regarding to the marital residence, and thus, adopted the magistrate's decision finding him in contempt. However, the court noted that the amount of equity in the home based upon the appraisal and the mortgage indebtedness at the time of the appraisal was $38,000, rather than $28,000 as determined by the magistrate. The court sentenced Mr. Nemitz to a jail term of 10 days for the contempt, but provided that the contempt could be purged by paying Ms. Nemitz one-half of the equity, $19,000, within 30 days.

**{¶ 14}** Finally, the trial court found that the magistrate correctly determined that Mr. Nemitz was not in contempt for having failed to file a QDRO dividing his 401(k) retirement plan. The court found that the balance of the account, as of June 2014, was $52,000. The court ordered him to file a QDRO equally dividing the $52,000 within 30 days.

**{¶ 15}** Mr. Nemitz appeals.

## II.    Parenting Time

**{¶ 16}** Mr. Nemitz's first assignment of error states as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY AMENDING THE

SHARED    PARENTING    PLAN,    ABSENT    A    CHANGE    OF

CIRCUMSTANCES.

**{¶ 17}** Mr. Nemitz claims that the trial court erred when it modified the shared

parenting plan without first finding a change in circumstances as required by R.C. 3109.04(E)(1). Ms. Nemitz conversely notes that a finding of changed circumstances is not necessary when the modification solely relates to parenting time and is made under R.C. 3109.04(E)(2)(b). In his response brief, Mr. Nemitz argues that the section of the statute cited by Ms. Nemitz requires that a parent request a modification and that, in this case, neither parent made such a request. Thus, he contends that the trial court was limited to the terms of R.C. 3109.04(E)(1), which requires changed circumstances before a court may order a parenting time modification.

{¶ 18} We review parenting time decisions under the abuse of discretion standard. *Blessing v. Blessing*, 2d Dist. Montgomery No. 27353, 2017-Ohio-2878, ¶ 18. " 'Abuse of discretion' is a term used to indicate that a trial court's decision is unreasonable, arbitrary or unconscionable." *Id.*, citing *Szeliga v. Szeliga*, 2d Dist. Greene No. 2011-CA-65, 2012-Ohio-1973, ¶ 12. "The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion." *Id.*, citing *Beismann v. Beismann*, 2d Dist. Montgomery No. 22323, 2008-Ohio-984, ¶ 20.

{¶ 19} R.C. 3109.04(E) sets forth various provisions pertaining to modification of shared parenting plans. Mr. Nemitz is correct that the modification provision contained in R.C. 3109.04(E)(1)(a) requires a threshold finding of changed circumstances. However, a shared parenting plan may also be modified under the provisions of R.C. 3109.04(E)(1)(b), R.C. 3109.04(E)(2)(a), and R.C. 3109.04(E)(2)(b).

{¶ 20} Of relevance to this case, R.C. 3109.04(E)(2)(b) provides:

The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.

{¶ 21} This court has held that a modification of parenting time under this statutory section does not require a showing of a change in circumstances. *Gessner v. Gessner*, 2d Dist. Miami No. 2017-CA-6, 2017-Ohio-7514. ¶ 20. Thus, we conclude that Mr. Nemitz's argument that the trial court erred by modifying the parenting agreement in the absence of any change in circumstances lacks merit.

{¶ 22} Likewise, his claim that neither parent requested a modification is inaccurate. While he correctly notes that Ms. Nemitz originally filed a motion to terminate rather than to modify the shared parenting plan, a review of the transcript clearly demonstrates that both parties sought a modification of Mr. Nemitz's parenting time. Indeed, Mr. Nemitz agreed to the recommendation by the GAL regarding modification, and he also asked the court to enlarge his parenting time during the hearing. We cannot conclude, on this record, that the trial court abused its discretion by its modification of the shared parenting plan.

{¶ 23} The first assignment of error is overruled.

### III.    Equity in Marital Home

{¶ 24} Mr. Nemitz's second assignment of error provides:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING DONALD IN CONTEMPT OF COURT FOR HIS FAILURE TO PAY STEFANIE HER SHARE OF THE EQUITY IN THE ROBIN ROAD PROPERTY.

{¶ 25} In this assignment of error, Mr. Nemitz asserts that the trial court erred in finding him in contempt for his failure to pay Ms. Nemitz her share of the marital home equity. He contends that the trial court abused its discretion in concluding that the decree set a time limit for making the payment. Ms. Nemitz counters that the appeal from the contempt finding is moot and should be dismissed. Both parties agree that Mr. Nemitz has paid Ms. Nemitz the amount ordered by the trial court.

{¶ 26} In *Darr v. Livingston*, 2017-Ohio-841, 85 N.E.3d 1260 (10th Dist.), the Tenth District Court of Appeals addressed a fact pattern similar to this case, and stated:

An issue becomes moot when it presents only a hypothetical or academic question, and a judicial resolution of the issue would have no practical significance. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55. " 'It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and render judgment which can be carried into effect.' " *Cincinnati Gas & Elec. Co. v. Pub. Utilities Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 17, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Consequently, when an appellate court discovers that

an event has occurred that renders moot one of the questions in the case before it, that court must dismiss the part of the case that has become moot. *Hagerman v. Dayton*, 147 Ohio St. 313, 71 N.E.2d 246 (1947), paragraph one of the syllabus.

As a general matter, contempt occurs when a party disobeys a court order. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Courts classify contempt rulings as either civil or criminal in nature. *Id.* In cases of civil contempt, a court imposes a sanction with the purpose to coerce a party in violation of a court order to comply with the order for the benefit of the complaining party. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 12. Thus, civil contempt is characterized by a conditional sanction, i.e., the contemnor faces imprisonment unless he purges himself of the contempt by complying with the court order. *Id.*; accord *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980) (holding that, in cases of civil contempt, "[p]rison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered.").

Given the coercive purpose of a civil contempt order, an appeal of such an order becomes moot once the contemnor complies with the underlying court order, thus purging himself of the contempt. *Hadinger v. Hadinger*, 10th Dist. No. 15AP-9, 2016-Ohio-821, * * * ¶ 9, 11; see *Huffer v. Huffer*, 10th Dist. No. 09AP-574, 2010-Ohio-1223, * * * ¶ 17 ("Because the

purpose of civil contempt is to urge or compel the offending party to make a court-ordered payment, the issues regarding the contempt become moot when the payment is made."); *Williamson v. Cooke*, 10th Dist. No. 05AP-936, 2007-Ohio-493, * * * ¶ 12 (holding that once a party complies with the underlying court order, civil contempt proceedings become moot). In such situations, the contemnor's compliance resolves the controversy created by the contemnor's prior disobedience. This resolution abrogates the need for any judicial review of, and ruling on, the controversy. *See Grundey v. Grundey*, 10th Dist. No. 13AP-224, 2014-Ohio-91, 2014 WL 117413, ¶ 20 ("Because an appellate court must decide only actual controversies, 'it may not decide contempt appeals once the contemnor has purged the contempt.' ").

A court may consider evidence from outside the record to determine whether an issue has become moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. * * *

*Id.* at ¶ 13-16.

**{¶ 27}** As noted, Mr. Nemitz acknowledges that he has paid to Ms. Nemitz all monies owed as equity from the marital home under the terms of the decree and as ordered by the trial court in its judgment finding him in contempt. Thus, his argument regarding the trial court's finding of contempt has been rendered moot.

**{¶ 28}** The second assignment of error is overruled.

## IV.     401(k) Accounts

{¶ 29} The third assignment of error asserted by Mr. Nemitz states:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DIRECTING DONALD TO PAY STEFANIE $52,000 FROM HIS 401(K) ACCOUNT TO EQUALIZE THEIR RETIREMENT ACCOUNTS.

{¶ 30} Mr. Nemitz contends that the trial court erred regarding the division of the parties' retirement accounts.   In support, Mr. Nemitz claims that Ms. Nemitz withdrew monies from her account prior to executing a QDRO, thereby inappropriately reducing his share of the account.

{¶ 31} Regarding the division of the 401(k) accounts, the divorce decree states:

Each party shall be responsible for preparing any QDRO or other necessary means of transfer to cause any transfer of retirement benefits contemplated herein.   The parties' respective retirement accounts shall be equally divided from date of marriage, April 13, 2007 through July 31, 2014.   The parties agree to offset the balance so that only one Qualified Domestic Relations Order is necessary.   The parties [sic] shall retain jurisdiction over this matter.

{¶ 32} The decree appears to contemplate that the parties would equally divide the portion of their respective accounts accrued during the term of the marriage.   It is not clear how the parties were to accomplish this task with the filing of only one QDRO.

{¶ 33} In any event, during the hearing, Ms. Nemitz admitted that she had withdrawn monies from her 401(k) retirement plan prior to the final hearing, effectively reducing the amount of her fund by over $25,000.   There was, however, no evidence regarding the value of her account accrued during the term of the marriage.   There was

evidence that the value of the Mr. Nemitz's account as of June 2014 was $52,000. But again, there was no evidence presented regarding the amount of the account accrued during the term of the marriage.

**{¶ 34}** The trial court ordered Mr. Nemitz to equally divide the entirety of the $52,000 despite the lack of evidence to demonstrate what portion of this amount was accrued during the marriage. The trial court also failed to address Mr. Nemitz's contention that Ms. Nemitz had depleted her fund prior to executing her QDRO.

**{¶ 35}** We agree with the finding that Mr. Nemitz could not be held in contempt, since it was apparent that he did not receive appropriate documentation from Ms. Nemitz regarding her account. However, based upon this record, we must conclude that the trial court abused its discretion by requiring Mr. Nemitz to divide the $52,000 in his retirement account without determining whether the entire amount was accrued during the marriage and without determining whether he was entitled to an offset due to Ms. Nemitz's withdrawals.

**{¶ 36}** Accordingly, the third assignment of error is sustained.


## V.     Conclusion

**{¶ 37}** Mr. Nemitz's first and second assignments of error being overruled and his third assignment of error being sustained, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.

Copies sent to:

H. Charles Wagner
Charles D. Lowe
Hon. Denise L. Cross